Casella *v.* Pearce, Appellant

Argued March 13, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*George Hardy Rowley,* with him *Voorhies, Dilley, Keck, Rowley & Wallace,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE EAGEN, May 25, 1972:

In this action in trespass the plaintiff sought damages for personal injuries arising out of an automobile accident. Prior to trial, the plaintiff directed a timely interrogatory to the defendant seeking to ascertain if the defendant were covered by liability insurance at the time of the accident and, if so, the identity of the insurer and the maximum amount of the insurance coverage. Objections to the interrogatory were overruled by the trial court, and the defendant was directed to answer the interrogatory within twenty (20) days. Subsequently, when the defendant failed to comply with this directive a rule issued to show cause why he should not be held in contempt of court. Following a hearing before the court at which the defendant refused to divulge the information sought to be ascertained by the interrogatory, he was adjudged in contempt of

court and fined the sum of one hundred ($100) dollars. This appeal followed. We rule appellate jurisdiction is in the Superior Court for the reasons that follow.

Under Article III, §302 of the "Appellate Court Jurisdiction Act," Act of July 31, 1970, P. L. 673, 17 P.S. 211.302, jurisdiction of appeals from final orders of a court of common pleas in personal injury actions is in the Superior Court. The order instantly appealed arose from a personal injury action instituted by the plaintiff and as such is cognizable on appeal as part of the original action. See *Commonwealth v. Harris,* 409 Pa. 163, 185 A. 2d 586 (1962), and *Commonwealth ex rel. Beghian v. Beghian,* 408 Pa. 408, 184 A. 2d 270 (1962).

It is true that Article II, §202, 17 P.S. §211.202 of the "Appellate Court Jurisdiction Act" of 1970, supra, vests appellate jurisdiction in the Supreme Court on appeals from judgments of criminal contempt, but such a judgment is not here involved.

While the line of demarcation between criminal and civil contempt is often not easily discernible, it is abundantly clear that the dominant purpose of the order entered in the trial court, which the present contempt proceedings sought to enforce, was primarily for the benefit of the plaintiff in the personal injury action. And as we stated in *Knaus v. Knaus,* 387 Pa. 370, 377, 127 A. 2d 669 (1956), "where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party, proceedings to enforce compliance with the decree of the court are civil in nature." See also, *Commonwealth ex rel. Beghian v. Beghian,* supra.

The appeal is transferred to the Superior Court.