## Campbell-Ellsworth, Inc., Appellant, *v.* Holy Trinity Serbian Orthodox Church-School Congregation.

Argued November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ralph H. German,* with him *William S. Smith,* and *Houston, Cooper, Spear and German,* for appellant.

*Robert Rade Stone,* for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

This appeal presents issues concerning the scope of judicial review of awards rendered by common law arbitrators.

The parties entered into a written construction contract on June 13, 1969. Pursuant to the arbitration clause in the contract, the appellant-contractor filed a written demand for arbitration on April 19, 1973, asserting a claim for $322,922.72 in unpaid costs. The appellee-owner submitted an answer and counterclaim. Eight days of hearings were held by an arbitration panel consisting of two lawyers and an engineer. On April 23, 1974, the arbitrators handed down a net award of $225,000 in favor of the appellant. The appellant file a Petition to Confirm the Arbitration Award in the Court of Common Pleas of Allegheny County. The appellee filed an answer and a Petition to Vacate the arbitration award. The lower court, after receiving briefs and hearing oral argument, granted the appellee's motion to vacate and remanded for an arbitration de novo before another panel of arbitrators. On August 1, 1974, this Court granted the appellant's Petition for Allowance of Appeal.

The arbitration clause in the lengthy contract provides in pertinent part: "All claims, disputes and other matters in questions arising out of or relating to, this Contract or the breach thereof, . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

Initially, it is necessary to decide whether this clause provides for arbitration at common law or arbitration under the Act of 1927.[1] The distinction is crucial because the Act provides a much broader scope of judicial review

---

1. Pennsylvania Arbitration Act, Act of April 25, 1927, P.L. 381, 5 P.S. §161 et seq.

than obtains at common law. In order to make the determination, the contractual language and the procedure followed during the arbitration must be examined. *Wingate Construction Co. v. Schweizer Dipple, Inc.*, 419 Pa. 74, 213 A. 2d 275 (1965). It is well-settled that the Arbitration Act of 1927 did not abolish the applicability of common law rules to the enforcement of agreements to arbitrate. *John A. Robbins Co., Inc. v. Airportels, Inc.*, 418 Pa. 257, 210 A. 2d 896 (1965). Therefore, the parties are free to designate that either statutory or common law rules shall apply. When the agreement is silent, common law rules control the enforcement of the award, unless the parties subsequently agree, expressly or impliedly, to apply the Act. *Robbins*, supra. See also, *La Vale Plaza, Inc. v. R. S. Noonan, Inc.*, 378 F. 2d 569 (3d Cir. 1967). In the present case, therefore, this Court is limited in its review by the strict standards existing at common law.

Our Court has recently reiterated the applicable standards in passing on a petition to vacate an arbitration award: "Such a petition will not succeed, however, unless it can be shown by *clear, precise, and indubitable evidence* that a party was denied a hearing, or that there was fraud, misconduct, or other irregularity that has caused the rendition of an unjust, inequitable, or unconscionable award. *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 299 A. 2d 585 (1973) ; *Press v. Maryland Cas. Co.*, 227 Pa. Superior Ct. 537, 324 A. 2d 403 (1974) ." *United Services Automobile Assoc. Appeal*, 227 Pa. Superior Ct. 508, 512-513, 323 A. 2d 737 (1974). (Emphasis added). The allegations adopted by the lower court as grounds for vacating the award of the arbitrators must be examined against these standards.

In its opinion, the lower court stated that there were two grounds which compelled it to vacate the arbitration award: that the arbitrators had exceeded their authority in their award of damages, and that the appellee was

denied a full and fair hearing "on what may have been a controlling point in the determination of damages."

The contract between the parties was a Standard Form of the American Institute of Architects under which the contractor is reimbursed for his costs and is paid a percentage of the "Cost of Work" as a fee. The contract provided that all work had to be performed within one year and that all claims for extensions of time had to be made in writing. The appellant admittedly breached both provisions. The lower court held that "... there is no doubt that the arbitrators exceeded their authority, for if these terms had governed, a very different award would have resulted." Apparently, the lower court believed that the arbitrators were bound by the four corners of the contract and could not award damages for a period beyond the expiration date of the contract. Under certain circumstances, this conclusion is erroneous as a matter of Pennsylvania contract law. Thus, the vacation of the award on that ground would negate the oft-stated principle that the common law arbitrator is the final judge of both law and fact and his award is not subject to disturbance for a mistake of either. See, e.g., *Harwitz v. Selas Corporation of America*, 406 Pa. 539, 178 A. 2d 617 (1962) ; *Allstate Ins. Co. v. Fioravanti*, supra.

The two provisions of the contract cited by the lower court may have been waived by the appellee. The time fixed in the contract was fifty-two weeks, and time was stated to be "of the essence." In *Warner Company v. MacMullen*, 381 Pa. 22, 112 A. 2d 74 (1955), however, the Pennsylvania Supreme Court stated : "... even though the time fixed in an agreement for settlement is stated to be of the essence of the agreement, it may be extended by oral agreement or be waived by the conduct of the parties, and where the parties treat the agreement as in force after the expiration of the time specified for settlement it becomes indefinite as to time ..." 381 Pa. at

29, 112 A. 2d at 78. Furthermore, even if the costs incurred by the contractor in the period beyond the expiration of fifty-two weeks are to be treated as "extra costs" not contemplated by the parties, they may nevertheless be recoverable by the contractor-appellant. In *Exton Drive-In, Inc. v. The Home Indemnity Co.*, 436 Pa. 480, 261 A. 2d 319 (1969), the appellant argued that the trial court incorrectly awarded the cost of certain extras to the contractor because no written order for them was obtained as required by the contract. The Court held that the owner had waived the requirement. The contract in the present case is a typical construction contract, interpreted by our courts many times. "Construction contracts typically provide that the builder will not be paid for extra work unless it is done pursuant to a written change order, yet courts frequently hold that owners must pay for extra work done at their oral direction. See generally Annot., 2 A.L.R. 3d 620, 648-82 (1965). This liability can be based on several theories. For example, the extra work may be said to have been done under an oral agreement separate from the written contract and not containing the requirement of a written authorization. 3A Corbin on Contracts, §756 at p. 505 (1960). The requirement of a written authorization may also be considered a condition which has been waived. 5 Williston on Contracts, §689 (3d ed. 1961)." *Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 430 Pa. 550, 557-558, 244 A. 2d 10 (1968).

Thus, the arbitrators could have held as a matter of law that the appellee-owner had waived these conditions of the contract. It was error for the lower court to vacate the award on the theory that the arbitrators failed to treat these two provisions as governing. As shown, the arbitrators could properly have determined that they were not governing. Furthermore, whether provisions of a contract are applicable is for the arbitrators, not the courts, to determine. See, e.g., *Allstate Ins. Co. v. Mc-*

*Monagle,* 449 Pa. 362, 296 A. 2d 738 (1972) (the arbitrators are to decide whether the insurance policy had expired) ; *Preferred Risk Mutual Ins. Co. v. Martin,* 436 Pa. 374, 260 A. 2d 804 (1970) (whether the plaintiff is covered by an insurance policy is a matter for the arbitrators). Appellee's reliance in this regard on *United Steelworkers of America v. Westinghouse Electric Corp.,* 413 Pa. 358, 196 A. 2d 857 (1964), is misplaced. That case involved a collective bargaining agreement. Thus, the Court's statement that arbitrability is for the courts was an expression of substantive federal labor law, and is not applicable to common law arbitration in areas not preempted by a federal law. Finally, even if the arbitrators completely misinterpreted the contractual terms, the award must stand: "There is no allegation of corruption or misconduct on their part but only plaintiffs' conclusion of law that the award in fact constituted a modification of the terms of the contracts. Even if this were true, [plaintiff] cannot prevail for it would constitute no more than an error of fact or law, and consequently is not applicable." *Freeman v. Ajax Foundry Products, Inc.,* 20 D. & C. 2d 128, 137 (1959), aff'd. per curiam on the opinion of the court below, 398 Pa. 457, 159 A. 2d 708 (1960).[2]

The second ground for vacation asserted by the lower court is more difficult. The appellee contends that the arbitrators precluded it from presenting evidence on its counterclaim for an alleged structural problem caused by the appellant. According to the lower court's opinion, the appellee discovered a possible structural defect in a balcony during the pendency of the arbitration hearings. The appellee informed the arbitrators that it planned to

---

2. The parties before us agreed upon a thirty-page contract involving more than one million dollars. They were free to bargain for statutory arbitration and its broader scope of review. Having freely agreed to common law arbitration, the parties are bound to the consequences.

obtain a structural engineer to inspect the balcony. Apparently, the arbitrators made their own inspection and then denied the appellee's request for a continuance so that expert assistance could be obtained. The lower court concluded that the appellee was denied a full and fair hearing on what may have been a controlling point in the determination of damages.

It has been repeated on numerous occasions that a common law arbitration award is reviewable if the conduct of the arbitrator amounts to a denial of a full and fair hearing. "In *Fioravanti,* [supra] the arbitrators decided that the carrier should be estopped to deny that the claimant was covered by the policy and refused to allow the carrier to submit a memorandum of law on the issue. This was held not to be such an irregularity as to deny the carrier a full and fair hearing, and the award was upheld. Similarly, a claimant was held not to have been denied a full and fair hearing where the arbitrators refused to hear her case because she had identified the name on the side of the truck that hit her and could presumably trace it through the fleet owner. *Smith v. Employers' Liability Assurance Corp., Ltd.,* 217 Pa. Superior Ct. 31, 268 A. 2d 200 (1970)." *United Services Automobile Association Appeal,* supra, at 513, 323 A. 2d at 739. In *Smaligo v. Fireman's Fund Ins. Co.,* 432 Pa. 133, 247 A. 2d 577 (1968), however, the Supreme Court upheld an order to vacate the arbitration award because the arbitrators deemed plaintiff's proffered expert testimony on the question of decedent's future earning ability and capacity to be unnecessary: "This was not a mere mistake of law or of fact binding upon all parties and the court. The arbitrator's failure to regard Dr. Parsons' testimony of any import resulted in Smaligos being denied a full and fair hearing. That an award is not binding where there has been a denial of a hearing has been clearly stated by this Court on several occasions." 432 Pa. at 138, 247 A. 2d at 580.

There is no record of the proceedings before the arbitrators and the trial judge did not take additional testimony prior to vacating the award. The entire system of common law arbitration would be rendered useless if arbitration awards could be vacated on mere allegations of misconduct or denial of a hearing. On the other hand, litigants must be given a fair hearing in order to comply with our notions of due process. On the state of the record before us, however, we are unable to say that the appellee has shown by "clear, precise, and indubitable evidence" that it was denied a hearing. *United Services Automobile Association Appeal,* supra. The trial judge should hold an evidentiary hearing to determine whether the arbitrators afforded the appellee a full and fair hearing on its counterclaim.

The order of the court below is vacated, and the case is remanded for an evidentiary hearing solely on the issue of whether the appellee was given a full and fair hearing on its counterclaim.

DISSENTING OPINION BY PRICE, J.:

I agree with all of the majority's conclusions except for its last which remands for an evidentiary hearing solely on the issue of whether the appellee was given a full and fair hearing on its counterclaim. Section 22 of the Construction Industry Arbitration Rules of the American Arbitration Association, which is applicable to the instant dispute, provides that either party to such an arbitration dispute may demand a record of such proceedings. There was no such demand made herein by appellee. Furthermore, at no place in the proceedings before the lower court is there a request for an evidentiary hearing to create a picture of arbitration proceedings.

In such a posture I believe appellee, as the party alleging such lack of a full and fair hearing, has waived

such a complaint by its failure to demand a record. This would be particularly applicable to Common Law Arbitration and arbitration under the Act of 1927.[1]

I would reverse the order of the lower court and direct the entry of an order confirming the Arbitration Award.

1. Pennsylvania Arbitration Act, Act of April 25, 1927, P.L. 381, No. 248, §1 (5 P.S. § 161) *et seq.*