378 A.2d 447

**Victor HOFFMAN and Rita Hoffman, Appellees,**

v.

**Albert C. GEKOSKI and Hannah Gekoski,**

**and**

**American Arbitration Association.**

**Appeal of Albert C. Gekoski and Hannah Gekoski.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided Oct. 6, 1977.

Charles Jay Bogdanoff, Philadelphia, for appellants.

Mark I. Slotkin, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a final decree of the Court of Common Pleas of Philadelphia County, dismissing appellant's exceptions to the court's adjudication and granting appellee a permanent injunction enjoining appellant from compelling appellee to submit to arbitration as an individual.

On February 26, 1976 one Norman Paul of Paul Master Build Inc. and appellant, Albert Gekoski, entered into an agreement for the construction of a house for Gekoski. A short time later Paul brought in Waverly Manor Corp. as a co-venturer. Appellee, Victor Hoffman, is the president and sole shareholder of Waverly Manor Corp. After construction had begun, Gekoski became increasingly dissatisfied with what he felt was the lack of progress and the poor quality of the work on his house. A meeting was arranged on June 30, 1973 between appellant Gekoski, appellee Hoffman and Paul to discuss the problems. Gekoski wanted to replace Paul and Waverly Manor Corp. with a new contractor. To reassure Gekoski, Hoffman stated that he would "personally take over supervision of the job." Gekoski agreed that Hoffman's Waverly Manor Corp. would complete the construction and a memorandum of this was signed by Gekoski and Hoffman as president of Waverly Manor Corp. After the work proceeded smoothly for a short time, the situation deteriorated. Gekoski again became dissatisfied and brought in another contractor to complete the

house at additional cost over the contract price. Pursuant to the original agreement of February 26, 1973, Gekoski filed a claim under the arbitration clause to recover the additional cost he incurred to complete the house. In the arbitration proceedings, in addition to Paul and Waverly Manor Corp., Gekoski made a claim against Hoffman individually. Hoffman made written objections to the jurisdiction of the arbitrator over him personally. At no time did Hoffman agree to submit the question of his personal obligation to arbitrate. At the first arbitration hearing on March 12, 1975, the arbitrators heard testimony of this preliminary issue but did not render a decision. Instead, they proceeded to hear the merits of the dispute. Being late in the day, the hearing was adjourned before a final determination could be made, and it was rescheduled for a later date. In the interim, however, Hoffman filed his complaint in equity asking to permanently enjoin the arbitration against him as an individual. After a hearing in equity on the merits, the injunction was granted and Gekoski appealed. In his adjudication the hearing judge found that Hoffman was not bound by the arbitration agreement in his individual capacity, but only in his representative capacity as president of Waverly Manor Corp.

■ Unless it appears that the hearing judge, sitting in equity, has clearly abused his discretion or committed an error of law, his findings, if supported by sufficient evidence and affirmed by the court en banc, have the full force of a jury verdict and will not be disturbed on appeal. *Field v. Golden Triangle Broadcasting, Inc.*, 451 Pa. 410, 305 A.2d 689 (1973). In reviewing the findings of the hearing judge, the test is not whether we would have reached the same result on the evidence presented, but whether the judge's conclusion can be reasonably drawn from the evidence. *School Dist. of Harrisburg v. Pennsylvania Int. Athletic Ass'n*, 453 Pa. 495, 309 A.2d 353 (1973). *Yuhas v. Schmidt*, 434 Pa. 447, 258 A.2d 616 (1969). Since we do not find any abuse of discretion or error of law, and the findings are supported by

sufficient evidence the order granting the injunction will be affirmed.

Arbitration is a matter of contract and absent an agreement between the parties to arbitrate an issue, they cannot be compelled to arbitrate. *Lincoln Sys. of Ed. v. Lincoln Ass'n of Univ. Prof.*, 467 Pa. 112, 354 A.2d 576 (1976). When one party seeks to enjoin another from proceeding to arbitration, judicial inquiry is limited to the question of whether the parties agreed to arbitrate. *Allentown Supply Corp. v. Hamburg Mun. Auth.*, 463 Pa. 167, 344 A.2d 477 (1975); *Independence Development Inc. v. American Arbitration Ass'n*, 460 Pa. 390, 333 A.2d 781 (1975). A party who can establish that he did not agree to arbitrate may be entitled to enjoin an arbitration proceeding which seeks to bind him by its ruling. *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975). In the instant case, the agreement and later memorandum were signed by Hoffman as president of Waverly Manor Corp. The payment vouchers presented to the bank holding the construction funds were signed by Hoffman as "Builder" or "Architect" not as an individual. The statement by Hoffman that he was "personally taking over supervision of the job" was also found to mean Hoffman was acting as a representative of the corporation not as an expression of an intent to be individually bound. On due consideration of the evidence presented to the court below the judge reasonably found that Hoffman did not bind himself as an individual to the agreement to arbitrate contained in the agreement of February 26, 1973. Therefore, Hoffman was entitled to enjoin Gekoski from compelling him to arbitrate the dispute as an individual.*

The order of the court below is affirmed.

HOFFMAN, J., concurs in the result.

* Gekoski contends that Hoffman's action in equity was barred by unclean hands. This issue is wholly without merit and will not be discussed.