## Hitchcock v. Nationwide Mutual Insurance Co.

*Michael L. Murphy*, for plaintiff.
*Donald T. Petrosa*, for defendant.

REED, JR., *J.*, November 9, 1982—This case comes before us on plaintiff, Randall Hitchcock's

petition to affirm the award of arbitrators entered following an Uninsured Motorist Arbitration Hearing. Defendant, Nationwide Mutual Insurance Company, has at the same time petitioned to set the award aside.

On March 18-19, 1977, plaintiff was a passenger in a vehicle owned and operated by Russell Hunsberger, Jr., when it was forced off the roadway by an unknown vehicle. As a result of the accident, Hunsberger, Jr. was killed and plaintiff injured.

At the time of the accident, Hunsberger, Jr. resided with his family. Both Hunsberger, Jr. and his father, Russell Hunsberger, Sr. had their respective vehicles insured by defendant, Nationwide Mutual Insurance Company. Hunsberger, Jr.'s vehicle had uninsured motorist coverage at a limit of $15,000 per individual and $30,000 per accident. Hunsberger, Sr. had three vehicles insured by defendant with the same coverage, $15,000 per individual and $30,000 per accident.

Plaintiff requested defendant to arbitrate the uninsured motorist claim under Hunsberger, Jr.'s policy, together with the three policies of his father. When defendant refused, plaintiff petitioned for appointment of an arbitrator under the arbitration clause of the policies.

Defendant objected and argued that the arbitration could only proceed on the policy issued to Hunsberger, Jr. By order of February 8, 1982 (Surrick, J.) we ordered defendant to proceed in accordance with the arbitration provisions of the policies of both Hunsbergers. Any questions of coverage were to be determinued by the arbitrators.

Upon conclusion of the arbitration hearing, the arbitrators awarded plaintiff $60,000 which then prompted the present petitions.

Defendant has raised three issues:

1. Was this court's order to include Hunsberger, Sr.'s policies for arbitration correct?

2. Should our review of the arbitration be governed by Statutory or Common Law rules?

3. If the review is Common Law, should not the Award be set aside?

I

Defendant's initial argument asserts that it was error for this court to enter its order of February 8, 1982 permitting the arbitrators to determine the question of insurance coverage. This position is unsupported. The law has historically looked with favor upon arbitration and consistently pursued the principal that when parties enter into an arbitration agreement, all disputes arising within the scope thereof should be resolved by arbitration, not by litigation. See Waddell v. Shrieber, 465 Pa. 20, 348 A.2d 96 (1975).

Here, the parties agreed to arbitrate their disputes. The uninsured motorist provisions of both of the Hunsberger's policies provided arbitration to resolve disputes concerning uninsured motorist cases. The fact that defendant disagrees with the interpretation the arbitrator put on the provision does not remove it from arbitration.

Therefore, our order of February 8, 1982 will not be disturbed.

II

To resolve the second issue raised as to whether the arbitration should be governed by Statutory or Common Law rules, we look to the policies in effect at the time of the accident.

These policies were silent in this regard. Since the Statutory Arbitration Act of 1927 was not mentioned, the rule set forth in Campbell-Ellsworth, Inc. v. Holy Trinity, 233 Pa. Super 126, 336 A.2d 346, 347 (1975) controls:

"When the agreement is silent, Common Law rules control the enforcement of the award unless the parties subsequently agree expressly or impliedly, to apply the act."

Defendant did, however, send an endorsement in November of 1980 indicating that all arbitrations would be controlled by the Arbitration Act of 1927. Even so, we have previously held in Hauducoeur v. Nationwide Insurance Company, 81-20640, filed March 19, 1982:

"This change adopting statutory arbitration represents a substantive not a procedural change . . . . Thus Common Law arbitration would apply. This change had no effect on the existing policy. As to this policy, this represented an impermissible change since it comes without meeting of the minds of the contracting parties."

The arbitration here is, therefore, controlled by common law rules. Our review of the award will be so governed.

## III

We then test the award against the following principle:

"The award of an arbitrator in a non-judicial arbitration . . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable, unconscionable award." (Judicial Code 42 Pa. C.S.A. §7341)

In its challenge of this award, defendant asserts two grounds:

(A) Defendant argues that it was error for the Arbitrators to find that Plaintiff was an insured as defined in the policies of insurance. Defendant interprets the provision of coverage which we here quote: "Anyone else is protected while occupying any other motor vehicle while it is being operated by you or a relative living in your household. However, the vehicle must not be owned or furnished to you or a relative living in your household for regular use", excluding plaintiff from coverage under Hunsberger, Sr.'s policies.

Defendant maintains that since Hunsberger, Jr.'s car was a vehicle for regular use, then Hunsberger, Sr.'s policies exclude coverage and such policies cannot be stacked with Hunsberger Jr.'s policy to create $60,000 worth of coverage.

This provision is ambiguous and, accordingly, is a question for the arbitrators to determine. Furthermore, defendant is questioning the interpretation of the policies by the arbitrators. The interpretation of the policies in no way brings the arbitration proceedings within the guidelines of 42 Pa. C.S.A. §7341. Defendant has failed to show fraud, misconduct, corruption or other irregularity.

(B) Defendant argues that it did not obtain a fair hearing due to the fact that the arbitrators did not enter their award immediately and that they did not reconvene to reach their decision.

This argument is without merit for the award speaks for itself. Defendant's assertions that because the arbitrators did not reconvene to discuss the matter resulted in an unfair or improper hearing is not evidence of unfairness in the decision or conduct of the arbitrators. Much more is needed to raise the hand of unfairness.

We will enter an order affirming the award and denying defendant's petition to set it aside.

## ORDER

And now, this November 9, 1982, it is hereby ordered and decreed that the petition of plaintiff, Randall Hitchcock, to confirm the arbitrator's award and enter judgment, be and the same is hereby granted and the arbitrator's award is confirmed and judgment entered in favor of Randall Hitchcock and against Nationwide Mutual Insurance Company in the amount of $60,000.

It is further ordered that the petition to set aside the award of the arbitrators of defendant, Nationwide Mutual Insurance Company, be and the same is hereby denied.