Commonwealth ex rel. Bell, Appellant, *v.* Rundle.

128

Argued November 17, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Judah I. Labovitz,* for appellant.

*Gordon Gelfond,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District At-

torney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

Opinion by Mr. Justice O'Brien, January 17, 1966:

The instant appeal is from the order of the Court of Common Pleas No. 1 of Philadelphia County, dismissing appellant's petition for writ of habeas corpus. Appellant was charged with murder and found guilty, by a jury, of murder in the first degree, and the penalty was fixed at death. The judgment of sentence was subsequently affirmed by this court. *Com. v. Bell,* 417 Pa. 291, 208 A. 2d 465 (1965).

In his petition for writ of habeas corpus, the appellant raises the following issues: (1) that he was denied due process of law by virtue of the introduction of certain weapons into evidence, which the appellant alleges were unrelated to the case being tried; (2) that this evidence was obtained by the Commonwealth in an unlawful manner; (3) the appellant was denied a fair and impartial trial when his counsel refused to object to the weapons being introduced; and (4) that the appellant was denied due process of law when he followed his counsel's advice and did not take the stand to refute the testimony which substantiated the legality of the obtaining of the evidence. The first issue raised by the appellant is the relevancy of the introduction of weapons he claims were not related to the crime charged. This charge, however, is a trial error and is reviewable on appeal only and not a proper subject for a writ of habeas corpus.

The appellant alleges in his petition that he told his attorney that he wished to take the stand to contradict the following testimony of officer John Devlin: "Q. What happened after you got in? A. I show [sic] him the warrant for his arrest. Q. Then what happened? A. I asked him for his revolver. I said, 'Where is the gun?' He asked me, 'What gun?' I said, 'The gun that

130

you had the other night'. And he said he did not have a gun. I said, 'All right, get dressed. We will take you downtown.' I said, 'I will be back with a search warrant and search the apartment.'. He said, 'You don't need a search warrant, you can go ahead and search now.' So we did." Thus the unrefuted evidence clearly indicates a waiver of search warrant procedure and dictates the conclusion reached below.

The record of this case indicates that the appellant did not take the stand at his own trial and it is perfectly clear that the strategy of appellant's counsel was that it would be to the best interest of appellant if he did not testify at all. Decisions of counsel, which are strategic in nature, are binding on a defendant even if they include a plan not to raise constitutional objections. *Com. ex rel. Adderley v. Myers*, 418 Pa. 366, 211 A. 2d 481 (1965); *Com. ex rel. Cuevas v. Rundle*, 418 Pa. 373, 211 A. 2d 485 (1965); *Com. ex rel. Pomales v. Myers*, 418 Pa. 369, 211 A. 2d 483 (1965). The appellant states that he should be permitted at a hearing on a writ of habeas corpus to testify as to the legality of the search and seizure and the relevance of the evidence introduced. With this, we must disagree. The proper administration of justice requires that when an attorney is engaged, he must be the manager of the lawsuit, and as long as retained, the defendant ought to be bound by the decision of his counsel. One of the surest ways we know of for an attorney to lose a suit is to permit his client to run the trial. We believe that very few competent lawyers would accept retainers or appointments to defend criminal cases if they were required to follow the views of the defendant on the trial strategy. We do not believe that the defendant's hindsight on the trial strategy should be grounds for the granting of a writ of habeas corpus. A defendant need not accept the aid of a particular lawyer if he feels that he is inept or incompetent. However, as long as

counsel is retained, decisions on trial strategy made by counsel will be binding upon the defendant and will not be reviewed on a writ of habeas corpus.

The appellant was represented during the trial, the post trial motions, and an appeal to this Court, by competent counsel. After the decision by this Court, the Court of Oyer and Terminer of Philadelphia County permitted the appellant's court-appointed counsel to withdraw from the case. The petitioner thereafter filed, in forma pauperis and unaided by counsel, a petition for a writ of habeas corpus. Thereafter, the petition was denied and the appellant took the within appeal. After the filing of this appeal and the filing of a brief by the appellant, Judge MAURICE W. SPORKIN, of the Court of Common Pleas of Philadelphia County, appointed new counsel to represent the appellant. Following the appointment, new counsel examined the records of the trial court and determined that a constitutional issue relating to the introduction of petitioner's confession should have been raised in the petition for writ of habeas corpus. This issue was not raised in the original petition and thus was not passed upon by the court below. Appointed counsel for the petitioner, however, argued these issues and briefed these issues in this appeal. It is a well known axiom that appellate courts will not review issues and arguments not raised in the court below. However, we feel that the appellant's lack of legal training should not foreclose this constitutional issue. Therefore, the order of the court below dismissing the appellant's petition for writ of habeas corpus is affirmed and the appellant, by his court appointed counsel, is granted leave to file a new petition for writ of habeas corpus, setting forth those issues not determined in the petitioner's own petition.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Chief Justice BELL dissents.