## Kennedy *v.* Faush, Appellant.

Argued March 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ira J. K. Wells, Jr.,* with him *Herbert J. Hutton,* for appellant.

*Samuel C. Nissenbaum,* for appellee.

OPINION BY CERCONE, J., June 11, 1970:

John J. Kennedy, Jr., a printer, instituted this action of assumpsit against William B. Faush to recover for printing performed under an alleged oral agreement whereby defendant had agreed that plaintiff would

14

print, for $9.00 per page, the official minutes of the April 1967 Delaware Annual Conference of the African Methodist Episcopal Church, First Episcopal District, called the "Church". In addition to being a minister in that Church, defendant worked in a printing plant and it was because of his work in and knowledge of the printing business that the Church delegated to him the task of arranging for the printing of the minutes. Defendant called at plaintiff's place of business on July 10, 1967, showed plaintiff the minutes to be printed and a sample of the printed minutes of a previous meeting, and asked plaintiff for a bid. Plaintiff testified that he worked out his price at that time and told defendant his price would be $9.00 per page. Plaintiff testified the bid was accepted by defendant with the understanding that plaintiff's bill would include an additional charge of 50 cents per page for defendant, which charge defendant testified at trial was approved by the Church as payment for his services in arranging for and proof reading the printing.

Plaintiff testified he proceeded to prepare the proofs in accordance with the above oral agreement and in accordance with the specifications which defendant, in plaintiff's presence, had written on a yellow sheet of work paper. This handwritten specification sheet, which was introduced into evidence, included provisions as to the type and manner of printing and binding and stated that the printing was to be completed by August 2, 1967. Also included was the requirement that proofs be submitted prior to final printing. When the proofs were ready, plaintiff notified defendant, who sent his wife to secure them at plaintiff's home. Defendant did not contact plaintiff after receiving the proofs, and plaintiff, fearing he would not meet the finish date set by defendant in the specifications, called him on the phone. After several conversations with defendant, in none of which defendant questioned plain-

tiff's preparation of proofs, plaintiff was told that another party had been engaged to do the printing. Plaintiff's request for payment from the Church was refused, the Church advising plaintiff by letter that defendant's authority extended only to securing bids. When the Church did not recognize any binding obligation to plaintiff, suit was instituted against it. The Church's position was sustained in those proceedings and plaintiff then proceeded with the present suit against defendant.

Defendant contends that he acted only as agent; that he never agreed to pay the $9.00 per page and had no authority to enter into such agreement; that his authority was limited to securing bids or estimates; that he thought the papers his wife received from defendant would be the papers he had left with plaintiff, plus the estimate. Defendant, however, admittedly never contacted plaintiff after receiving the proofs to question why he had proceeded with the printing.

The Court below, sitting without a jury, found in favor of the plaintiff, as had the arbitrators from whose decision defendant had appealed to the court below, and ordered defendant to pay plaintiff $998.00: $650 representing the cost of the work performed and $348.-00 for loss of profit.

Plaintiff asks that defendant's present appeal to this court be quashed[1] because of his failure to file exceptions to the court's finding within twenty days. However, we find it unnecessary to quash the appeal because defendant's contentions are disposable as being without merit. Although we are without benefit of a written opinion of the court below, a reading of the record reveals that the evidence is more than sufficient to sustain the court's determination and the findings

[1] By virtue of the provisions of section 1 of the Act of June 25, 1937, P. L. 2090, 12 P.S. §695 and Rule 270 D of the Rules of Court of Common Pleas of Philadelphia County.

implicit therein, that: (1) plaintiff was unaware that defendant's authority was limited to securing estimates only: (2) that plaintiff had quoted to defendant the estimate of $9.00 per page; (3) that defendant agreed to that price prior to plaintiff's preparation of the proofs; and (4) plaintiff was authorized to proceed with the printing by reason of the specifications defendant had written for plaintiff.

Defendant's argument that he was only an agent and that plaintiff not only knew of but relied on that agency, as shown by the institution of suit against the Church, in no way prevents plaintiff's recovery in this action. As already stated, implicit in the court's finding in favor of plaintiff is the finding that plaintiff did not know of any lack of authority on the part of defendant to enter into such agreement. Therefore, even assuming defendant's contention that he was acting as agent and not as principal[2], plaintiff can still recover, for an agent can render himself liable on a contract which the agent was not authorized to make in behalf of his principal. As stated in *Lukens v. Crozier*, 84 Pa. Superior Ct. 402 (1925), " '. . . If, however, the defendant acted without authority to bind his alleged principal, *he rendered himself personally liable for the price of the pipe that he ordered:* Wolff v. Wilson, 28 Pa. Superior Ct. 511; Stiteler v. Ditzenberger, 45 Pa. Superior Ct. 266; Hopkins v. Everly, 150 Pa. 117. . . . We conclude that Crozier in dealing with Lukens acted either as purchaser on his own behalf, or attempted to make a purchase on behalf of a party whom he did not represent. *In either case he became bound* to accept

---

[2] It should be noted that the evidence is such that it could sustain a finding that defendant was acting as principal in the matter. The fifty-cent charge to be added on for defendant's benefit could easily be found to be a "middleman's" charge rather than a charge for defendant's proof reading services for which the defendant could have billed the Church directly.

and pay for the goods that he ordered.' " (Emphasis supplied) So, also in this case, once the court below found, as it did, that an agreement had been reached between plaintiff and defendant pursuant to which plaintiff proceeded to prepare the proofs, defendant became bound to plaintiff under the terms of that agreement either as principal or as agent without authority to contract in behalf of his principal.

The finding of the court below that an agreement was entered into and a meeting of the minds had been reached between plaintiff and defendant is therefore controlling of the case, and as already stated, that finding is more than adequately supported by the evidence and not reversible. In *Banca D'Italia & Trust Co. v. Giordano*, 154 Pa. Superior Ct. 452 (1944), we noted:

"It is the function of the lower court and not of this court to pass upon the credibility of witnesses. Pearlman v. Newburger et al., 117 Pa. Superior Ct. 328, 178 A. 402; the finding that Giordano had a proprietary interest in the business and that the money deposited in the trust account was his, are supported by reasonable inferences from the testimony . . .

". . . Both Giordano and his wife insisted that an irrevocable trust was intended but the court did not accept their testimony. Whether their testimony was incredible in the light of the circumstances was a question for the finder of facts. *The finding of the trial judge has the force and effect of a verdict of a jury.* Jann v. Linton's Lunch, 150 Pa. Superior Ct. 653, 29 A. 2d 219. Such finding may be reversed only when the testimony is such as would warrant binding instructions if the questions of fact were to be passed on by a jury. Mabrey v. Metropolitan L. Ins. Co., 70 Pa. Superior Ct. 321. No such ground for reversal appears in the present proceeding." (Emphasis supplied)

So, also in this case, there is no ground on which this court can reverse the trial court's finding. Nor

could a court en banc have substituted another finding for that of the trial court. Therefore, even if defendant had properly proceeded under Rule 270 to file its exceptions and have same determined by the court en banc prior to appeal to this court, we would be constrained to uphold the trial court's finding.

Judgment affirmed.