City of Pittsburgh, a Municipal Corporation, and Paul J. Imhoff, Superintendent of Bureau of Building Inspection *v.* David DeWald, Jr. and Helen DeWald, His Wife, Appellants. (2 Cases)

Argued May 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Men-

152

CER, ROGERS and BLATT. Judge KRAMER did not participate.

*Allen N. Brunwasser,* for appellants.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 19, 1976:

David DeWald and Helen, his wife, (Appellants) appeal a decree of the court of common pleas holding them both in contempt of court for failure to comply with an order directing them to cease and desist from operating a trailer park in violation of the zoning ordinance of the City of Pittsburgh.

Pivotal to our decision in this matter is the question of whether Appellants were guilty of criminal or civil contempt. One is guilty of contempt of court if his conduct tends to bring into disrespect the authority or administration of the law by a court. While conduct which is an affront to the dignity and authority of the court constitutes criminal contempt, the demarcation between an affront and the failure of a party to obey an order of the court in a civil action

for the benefit of the other party, which is civil contempt, is cloudy. *Casella v. Pearce,* 447 Pa. 515, 291 A.2d 101 (1972). In determining on which side of the line the contempt proceeding falls, one must look to the purpose of the proceeding, not the result. If the purpose is to vindicate the dignity and authority of the court and to protect the interest of the public, the proceeding is criminal. If, however, the contempt developed from disobeying an order, the proceeding to enforce compliance with that court order is civil. *See Knaus v. Knaus,* 387 Pa. 370, 127 A.2d 669 (1956).

Appellants contend the contempt order was punishment for criminal contempt, and exceeded the statutory limitations governing such punishment. We disagree. This was civil contempt. "The purpose of a civil contempt proceeding is remedial, and judicial sanctions are employed (1) to coerce the defendants into compliance with the court's order, and (2) in some instances to compensate the complainant for losses sustained." *Knaus, supra,* 387 Pa. at 377, 127 A.2d at 672.

The late Chief Justice BELL noted this test when he wrote:

"[T]hese legal principles have been iterated and reaffirmed on numerous occasions by the United States Supreme Court. In the recent case of Shillitani v. United States, 384 U.S. 364, the Court said [citations omitted]: 'It is not the fact of punishment but rather its character and purpose that often serve to distinguish' civil from criminal contempt. [Citation omitted.] . . . The conditional nature of the imprisonment —based entirely upon the contemnor's continued defiance—justifies holding civil contempt proceedings absent the safeguards of indictment and jury [citation omitted] provided that the usual due process requirements are met.'" *East Caln Township v. Carter,* 440 Pa. 607, 613, 269 A.2d 703, 706 (1970).

There is a striking similarity between *East Caln,* *supra,* and the case before us.[1] There, as here, the penalty was payable to a governmental authority; a brief confinement pending compliance was ordered; and the appellant was given the opportunity to purge himself of the contempt. It is clear from the facts that the dominant purpose of the contempt order was to compel Appellants to comply with the order of the court to reduce the number of trailers.[2] This conditional nature of the contempt order, which allowed Appellants to purge themselves of all contempt by complying with the court's order, makes it clearly civil contempt.

Having decided the proceeding involved is civil contempt, we now address ourselves to Appellants' contention that the trial court's decision was not "supported by clear, persuasive and substantial evidence." After a thorough review of the record, we conclude that the trial court's decision *was* supported by clear, persuasive and substantial evidence.

Finally, Appellants contend that the judge was obliged to recuse herself pursuant to Section 3-C(1) (a) and (b) of the Code of Judicial Conduct.[3] They

---

[1] In *East Caln, supra,* appellants were enjoined from operating a trailer park upon their land and directed to remove all trailers used or intended to be used for human habitation. Upon petition of the Township, the trial court entered an order holding appellant-husband in contempt of court; however, the court provided that appellant might purge himself of the contempt by removing all of the trailers from part of the trailer park, but if appellant refused to remove the trailers specified, penalties per day would be imposed.

[2] This is made further evident by the memorandum opinion of the trial judge filed January 28, 1976.

[3] Section 3-C(1)(a) and (b) provide: "C. Disqualification (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the

argue that the trial judge was City Solicitor when the Board of Adjustment heard the request for a variance, and that one of her assistants was present and participated in the hearing, thus the trial judge had previously practiced law with an attorney involved in this proceeding.

We agree with the trial judge's actions and reasons:

"In the instant proceeding, the defendants, represented by able counsel, not only failed to request assignment to another Judge, but asked the Court to proceed with the hearing, elected not to file Exceptions to the Decree Nisi (which permitted an opportunity to request reconsideration by the Planning Commission), and did not file a Motion for Disqualification until after a Rule for Contempt had been filed, a hearing date scheduled, and new counsel entered the case.

"While defendants have the right to change counsel, decisions on strategy of prior counsel remain binding, even in a criminal proceeding. The Court has a right to believe that counsel has the authority to represent his client and that the representations of counsel are approved or authorized by the client. Commonwealth ex rel. Bell v. Rundle, 420 Pa. 127 (1966). To hold otherwise would be to permit a dissatisfied litigant to obtain new counsel, relitigate the same issues, and thereby prolong indefinitely the resolution of disputes."[4]

*Accord, Presbyterian University of Pennsylvania Medical Center v. Board of Revision of Taxes*, 24 Pa. Commonwealth Ct. 461, 357 A.2d 696 (1976).

Affirmed.

---

matter, or the judge or such lawyer has been a material witness concerning it."

[4] This passage from the trial judge's opinion is but an excerpt and sets forth part of her rationale. It should be noted the judge raised, *sua sponte*, the question of her previous position in city government and both attorneys requested her to proceed with the case.