The Stardust, Inc., by and Through Its President, Orlando Ciaffoni, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

570

*Joseph M. Ludwig*, with him *Ludwig & Achman*, for appellants.

*J. Leonard Langan*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 16, 1977:

The Pennsylvania Liquor Control Board issued two citations against Stardust, Inc., the holder of a restaurant liquor license, one citation for violations of the Liquor Code and the other for violations of Board regulations. The charges related to sales to minors and the presence of minors on the licensed premises. The Board conducted a hearing upon proper notice at which no one appeared for Stardust.[1] The Board found that the charges in each of the citations were made out and handed down two orders each revoking Stardust's license.

Stardust appealed both Board orders to the Court of Common Pleas of Allegheny County and engaged counsel. On the day fixed for the hearing *de novo* of these appeals, Stardust's counsel was indisposed and sent another lawyer, his nephew, to represent Stardust. There, counsel for the Board and for Stardust stipulated that the record made before the Liquor Con-

---

[1] The president of Stardust, which had been cited for violations a number of times previously, testified in later proceedings that in his opinion it was useless to appear at Liquor Control Board hearings because that body was not a court of law.

trol Board should constitute the record in the Court of Common Pleas. In due course, the court below dismissed Stardust's appeals from the Board's orders.

Stardust engaged new counsel who, in its behalf, filed a petition for rehearing in the court below. Neither in the petition nor in the course of the hearing conducted in the court below does Stardust describe what evidence in its possession would provide a defense to the charges against it. The court below denied the prayer of the petition for rehearing. Stardust has appealed and we affirm.

The law of Pennsylvania is that, even in a criminal case, the decisions of a party's trial attorney, which are strategic in nature, are binding on him. *Commonwealth ex rel. Bell v. Rundle,* 420 Pa. 127, 216 A.2d 57 (1966); *City of Pittsburgh v. DeWald,* 26 Pa. Commonwealth Ct. 151, 362 A.2d 1141 (1976). No question has been raised concerning the authority or bona fides of Stardust's substitute counsel who appeared in the court and agreed that the Board's record should be the record on appeal. Stardust, by its new counsel, first says that Stardust should have a new hearing because of the asserted exceptional circumstance that it never had an opportunity to submit a defense. On the contrary, it had two opportunities; first, before the Liquor Control Board which it eschewed and the second, when the appeals were called in the Court of Common Pleas, of which occasion the record is very clear that Stardust's president, despite his testimony to the contrary, had notice. Other exceptional circumstances advanced by present counsel for Stardust exist only if the testimony adduced on its behalf at the hearing on its petition were accepted by the hearing judge. The lawyer who was supposed to attend the court hearing but who because of indisposition sent another lawyer said that he *"was under the impression* that Stardust could submit its defense at a later date." Stardust's brief says that the substitute law-

yer "*apparently* did not know the condition upon which stipulation was made."

The appellant also says that its counsel's agreement to submit the appeals on the record made before the Liquor Control Board is not trial strategy. We simply disagree. Counsel may well have believed that the record made before the Board was less damaging than the record which could have been made in a court hearing—a not unreasonable conclusion in the light of the testimony of Stardust's president in support of the petition for rehearing.

The prayer of the petition for rehearing was addressed to the sound discretion of the trial judge. The trial judge heard the testimony of the president of Stardust; Stardust's counsel engaged for the court hearing, who admitted being vague about the circumstances of the hearing to which he sent another lawyer; and a clerk in the lawyer's office who, in direct contradiction of Stardust's president, testified that he told Stardust's president the date of the court hearing. We believe that the judge's denial of the prayer of petition for rehearing was a proper exercise of his discretion.

ORDER

AND Now, this 16th day of June, 1977, the order of the court below made October 4, 1976 denying rehearing is affirmed.