STATE of Maine

v.

Terrance L. MIHILL.

Supreme Judicial Court of Maine.

Dec. 6, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Robert Mullen, Law Student (orally), for plaintiff.

Terence Farrell (orally), Portland, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In a jury trial the Defendant, Terrance L. Mihill, was convicted in Superior Court in Cumberland County of burglary (17–A M.R.S.A. § 401) and theft (17–A M.R.S.A. § 353). Upon appeal, he asserts that the presiding justice erred in continuing the trial in his absence, in accepting during the trial a stipulation in which his then attorney joined,

and in failing to provide him with an opportunity to explain his absence prior to sentencing.

We deny his appeal.

■ We set forth the three-fold requirements for continuing a trial in the absence of a defendant pursuant to M.R.Crim.P. 43 in *State v. Staples*, Me., 354 A.2d 771, 776 (1976). We there observed that judicial fair play was observed in such a situation when the trial court (1) makes sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding that the absence was voluntary, (2) makes, when justified, a preliminary finding of voluntariness, and (3) affords the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.

■ In this case the Defendant acknowledges that the first two of these requirements were met. He directs his challenge only to the manner in which the third requirement was met. That requirement, however, was satisfied by the court's interrogation of the Defendant at the time of sentencing. When asked, the only explanation the Defendant gave for his absence was, "I went to California because I knew my wife would—my wife don't tolerate that stuff." Despite the full opportunity afforded the Defendant to explain his absence at this hearing, no mitigating circumstances were proffered.

■ The Defendant's assertion that he should have been warned of the consequences of his failure to attend is adequately answered by citation to *State v. Staples*, Me., *supra*, at 777 and to *Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). He is not entitled to such a warning as a matter of right.

■ The Defendant's final point is also without merit. An attorney may stipulate for his client to the admission of certain facts at trial. *See* 7 *Am.Jur.2d* Attorneys at Law § 121 (1963); *Stardust, Inc. v. Commonwealth*, 374 A.2d 989, 990 (Pa.Cmwlth. Ct.1977); *People v. Tempel*, 131 Ill.App.2d 955, 268 N.E.2d 875, 878 (1971). Unless the

attorney's actions effectively deny a defendant his constitutional right to assistance of counsel, the defendant is bound by his attorney's decisions during trial. *See United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).

■ In the case before us the Defendant's attorney joined in a stipulation that "the value of the property alleged to have been stolen in this matter is a value greater than $500 but less than $1,000." Thus the attorney effectively eliminated the possibility that his absent client might be found guilty of a Class C crime and might be subjected to greater punishment as a result. Such a strategic move by that attorney was reasonable and did not effect a denial of the Defendant's constitutional right to the effective assistance of counsel. Here the attorney was fully apprised of the circumstances surrounding the alleged burglary, because he had represented this Defendant from the time of his arraignment.

If, once a defendant has voluntarily absented himself, the trial court is to be able to move forward, certain stipulations by the attorneys short of an admission of guilt, must be recognized as binding the respective parties. Otherwise, the progress of the trial would be needlessly impeded. These stipulations should be distinctly made and not left to inference. *Cf. State v. Carlson*, 258 N.W.2d 253, 258 (N.D.1977); *Collins v. State*, Ind.App., 366 N.E.2d 229, 232 (1977). The stipulation which the Defendant challenges here falls within that category. It cannot be attacked on direct appeal.

In sum, there was no error in permitting in this case a stipulation which was not prejudicial *per se* and which indeed may have been of strategic value to the Defendant.

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY, J., did not sit.