477 A.2d 544

**Antonio GENTILE, t/a Antonio Gentile Construction Company, a/k/a Antonio Gentile Building Contracting**

**v.**

**Selwyn WEISS, t/a S.S.W. Associates, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1983.

Filed June 15, 1984.

476

Frederick N. Frank, Pittsburgh, for appellant.

Jennifer F. Rabold, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Once again this Court has been called upon to acknowledge and then proceed according to the distinction between statutory and common law arbitration to determine the power of a court to modify an award because of alleged errors of law.

Antonio Gentile, appellee, contracted with Selwyn Weiss, appellant, to rehabilitate and convert Weiss' vacant building into apartments. A year later, Weiss exercised the termination provisions of the contract and discontinued Gentile's employment as general contractor. Gentile thereupon commenced an action in the Court of Common Pleas of Allegheny County to recover damages for an alleged wrongful termination of the contract. A Petition to Stay the proceedings was granted by the court on January 14, 1980, and the parties were ordered to arbitration under the terms of their contract. On August 19, 1981, a board of arbitrators awarded Gentile damages of $31,513.14 and denied Weiss' counterclaim. Weiss then filed in the Court of Common Pleas a Motion for Modification and Correction of Arbitration Award, in which he asked the court to modify the award by denying Gentile's claim and by entering an award on Weiss' counterclaim in the amount of $203,395.44. The sole reason cited in appellant's exceptions to the award was that the award was "against the law and [was] such that had it been a verdict of the jury, [the court] would have entered judgment against [Gentile] and for [Weiss] on his counterclaim notwithstanding the verdict." Gentile filed an

478

Answer containing New Matter, and an evidentiary hearing was held. The court thereafter entered an order as follows:

[A]fter oral argument in open Court and upon review of the briefs and pleadings filed, it appearing to the Court that the language in the Contract giving rise to the dispute provides for Arbitration under common law, and the Defendant not alleging that there was any fraud, corruption or misconduct on the part of the Arbitrators, it is hereby ORDERED and DECREED that the Motion of the Defendant to Modify and Correct the Arbitration Award be and the same is denied.

Weiss appealed.[1] He asks that we reverse and remand with instructions to the trial court to consider the errors of law allegedly committed by the arbitrators. In support thereof he argues (1) that the court erred by applying principles pertaining to common law arbitration and (2) that, in any event, Gentile should be estopped from arguing the applicability of common law principles because in the averments of his answer he cited and relied upon principles applicable to the enforcement and modification of statutory arbitration awards. We find these arguments unpersuasive and affirm the order of the trial court.

The agreement between the parties in this case provided in pertinent part as follows:

All claims ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... Agreement shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

1. The trial court's order was amended on April 16, 1982 to provide for confirmation of the arbitration award. The trial court amended its order at the request of the appellant in order to make it abundantly clear that a final order had been entered. A second appeal was taken from the amended order, and both appeals were consolidated for argument before this Court.

"The Arbitration Act[2] does not apply unless it is expressly or impliedly provided for by the parties and its procedures are followed." *Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 460, 383 A.2d 189, 191 (1978) (footnote added). Its provisions are applicable "only if the arbitration agreement specifically refers to the Act or there is other evidence, subsequent to the agreement, that the parties expressly or implicitly agreed that it should apply." *Hart v. State Farm Mutual Automobile Insurance Co.*, 288 Pa.Super. 53, 57, 431 A.2d 283, 285 (1981), *overruled on other grounds, White v. Concord Mutual Insurance Co.*, 296 Pa.Super. 171, 442 A.2d 713, *aff'd,* 500 Pa. 103, 454 A.2d 982 (1982). See also: *Gallagher v. Educator and Executive Insurers, Inc.*, 252 Pa.Super. 414, 417, 381 A.2d 986, 987 (1977). Here, neither the agreement to arbitrate nor any subsequent agreement between the parties provided for statutory arbitration. Common law principles, therefore, were applicable. *Campbell-Ellsworth, Inc. v. Holy Trinity Serbian Orthodox Church-School Congregation*, 233 Pa. Super. 126, 336 A.2d 346 (1975). Moreover, the parties in the instant case agreed that the arbitration was to be held according to rules of the American Arbitration Association; and they agreed to be bound by the result. This "constitutes failure to follow the procedures of the Arbitration Act and [is], therefore, inconsistent with it so as to be sufficient in itself to make the arbitration at commonlaw." *Runewicz v. Keystone Insurance Co., supra,* 476 Pa. at 461, 383 A.2d at 191.

■ "The decision of the arbitrator in a common-law arbitration is binding and cannot be attacked unless it can

2. Act of April 25, 1927, P.L. 381, No. 248, 5 P.S. §§ 161–179, *repealed,* Act of October 5, 1980, P.L. 693, No. 142, § 501(c). The current Uniform Arbitration Act, 42 Pa.C.S. § 7301 et seq., provides:

An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter. 42 Pa.C.S. § 7302(a).

be shown by clear, precise and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, corruption or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award." *Cargill v. Northwestern National Insurance Co.*, 316 Pa.Super. 139, 143, 462 A.2d 833, 834–835 (1983).[3] See also: 42 Pa.C.S. § 7341. No such allegations were made by appellant in this case.

The application of common law principles to the enforcement of the award of arbitrators was not waived or forfeited because of averments contained in the New Matter in appellee's Answer. New Matter must state facts, not conclusions of law. *Bureau for Child Care v. United Fund*, 416 Pa. 617, 622, 207 A.2d 847, 850 (1965); *Bowman v. Mattei*, 309 Pa.Super. 486, 488, 455 A.2d 714, 716 (1983). The facts alleged in the petition and answer in this case disclosed an agreement between the parties calling for common law arbitration. The agreement was not subsequently altered by mutual agreement, express or implied, to provide for proceedings under the Act of 1927. These facts demonstrated an intent to arbitrate according to common law principles. Appellee's decision to plead, in the alternative, those requirements which are necessary to modify an award of arbitrators proceeding according to statute, was proper. See: Pa.R.C.P. 1020(c). See also: *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 626, 375 A.2d 1285, 1291 (1977); *Eckrich v. DiNardo*, 283 Pa.Super. 84, 91 n. 7, 423 A.2d 727, 730 n. 7 (1980); *Department of Transportation v. Bethlehem Steel Corp.*, 33 Pa.Cmwlth. 1, 6, 380 A.2d 1308, 1311 (1977). Pleading in the alternative did not constitute a waiver of and did not estop appellee from arguing the applicability of common law principles.

Affirmed.

**3.** By way of contrast, the scope of review accorded a statutory arbitration pursuant to the Act of 1927 is the same as that upon a motion for judgment notwithstanding the verdict of a jury, empowering the court to correct the award for mistake of law. Act of April 25, 1927, *supra*, § 11(d), 5 P.S. § 171(d). See also: *Cargill v. Northwestern National Insurance Co., supra*, 316 Pa.Superior Ct. at 143 n. 2, 462 A.2d at 835