498 A.2d 387

**Forrest DORSEY, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Aug. 9, 1985.

Reargument Denied Oct. 8, 1985.

James Womer, Philadelphia, for appellant.

Robert Keller, District Attorney, Philadelphia, for appellee.

Before WIEAND, WATKINS and GEISZ, * JJ.

WIEAND, Judge:

This is an appeal from an order refusing to vacate an arbitration award which determined that the appellant, Forrest Dorsey, was not entitled to recover uninsured motorist benefits from his automobile insurance carrier. We affirm. However, a separate court order which imposed personal

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

liability upon appellant's counsel for payment of the fee of the neutral arbitrator must be reversed.

Forrest Dorsey was injured on September 2, 1980 when the automobile which he was driving was hit in the rear by another motorist near the intersection of Second and Race Streets in Philadelphia. Dorsey alleged that he had been forced to stop suddenly because two cars preceding him had stopped unexpectedly. Appellant filed a claim with his automobile insurance carrier, Nationwide Insurance Company (appellee herein), for uninsured motorist benefits. He asserted that the accident had been caused by an unidentified driver who went through a red light at Race and Second Streets, forcing appellant and the two drivers in front of him to stop suddenly. When the insurer denied his claim, appellant petitioned the court to compel arbitration. The parties were unable to agree upon a third, neutral arbitrator, and the court appointed Joseph M. Smith, Esquire, a member of the bar who practiced in Montgomery County. Smith served as chairman of the panel. A hearing was held on February 16, 1984, and a majority of the panel found in favor of the insurer. Appellant filed exceptions to the arbitrators' decision and a motion to vacate the award. The exceptions were dismissed and the motion to vacate was denied on April 12, 1984. Appellant filed a petition for reconsideration, based on additional depositions, but the court continued to deny relief. Appellant then filed an appeal from the order denying his motion to vacate. (No. 1369 Philadelphia, 1984).

While that appeal was pending, it came to the court's attention that Smith had not been paid the part of his fee which, under the contract of insurance, appellant was obligated to pay. A hearing was held on June 20, 1984, after which the court found that appellant had no assets with which to pay Smith. The court also found that appellant had never been informed by his counsel, Allen Feingold, Esquire, that appellant would be obligated to pay one-half of the neutral arbitrator's fee. The Court ordered Feingold to pay the $190.00 owed by his client to Smith. A separate

appeal has been taken by Feingold from that order. (No. 1865 Philadelphia, 1984).

■ The parties are agreed that the arbitration clause of the insurance contract between appellant and appellee provided for common law arbitration. The contract of insurance did not refer to statutory arbitration. Rather, the agreement provided for arbitration according to the rules of the American Arbitration Association. The agreement, therefore, directed common law arbitration. See: *Gentile v. Weiss*, 328 Pa.Super. 475, 477 A.2d 544 (1984). "The decision of the arbitrator in a common-law arbitration is binding and cannot be attacked unless it can be shown by clear, precise and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, corruption or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award." *Gentile v. Weiss, supra*, 328 Pa.Superior Ct. at 479, 477 A.2d at 546, quoting *Cargill v. Northwestern National Insurance Co.*, 316 Pa.Super. 139, 143, 462 A.2d 833, 834–835 (1983).

Appellant in the instant case received a full hearing before the arbitrators. He has not alleged or proved that there was any fraud, misconduct or corruption which resulted in an unjust, inequitable or unconscionable award. "In an arbitration proceeding, an irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates*, 328 Pa.Super. 357, 362, 477 A.2d 482, 485 (1984). There was no irregularity here. Appellant's contention that the evidence was uncontroverted in favor of his position is an attack on the result and not on the process. The credibility of the testimony was for the arbitrators, and their determination was based thereon. This is not a basis for vacating the arbitrators' award. The order denying the motion to vacate, therefore, will be affirmed.

The arbitration clause in the insurance contract provided: "Each party will pay its chosen arbitrator, and bear equally expenses for the third and all other expenses of arbitra-

tion." Appellant agreed, by these terms, to bear a portion of the fee of the third arbitrator. Appellant's counsel was not a party to the contract of insurance. There is no evidence that he promised his client, the appellee insurer, or the arbitrator that he would pay the costs of arbitration. The trial court ordered Feingold to pay one-half of the third arbitrator's fee because Feingold, after requesting the appointment of a neutral arbitrator, had then refused to pay him when the disposition of the case by the arbitrators failed to meet with his favor.

■ Although Feingold did in fact request the appointment of an arbitrator, he did so on behalf of and as counsel for his client. If a fee is due the neutral arbitrator, that obligation belongs to the client who contractually agreed to pay it, not his attorney. When an attorney is engaged to represent a client in litigation, he becomes the manager of the litigation, and his client is bound by counsel's decisions. *Commonwealth ex rel. Bell v. Rundle,* 420 Pa. 127, 130–131, 216 A.2d 57, 59, *cert. denied,* 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678 (1966). An attorney has implied authority to bind his client for the payment of expenses properly incurred or made in connection with the conduct of the case. 7A C.J.S. *Attorney & Client* § 212 (1980). Unless Feingold violated his client's instructions by proceeding as he did, or unless he promised that he would personally pay the arbitrator's fee, he cannot be held personally liable for the costs of litigation pursued on behalf of his client. See: *Revere Press, Inc. v. Blumberg,* 431 Pa. 370, 373, 246 A.2d 407, 409 (1968); *Kennedy v. Faush,* 217 Pa.Super. 13, 16, 268 A.2d 209, 211 (1970). Feingold's petition for the appointment of a neutral arbitrator was a strategic move taken on behalf of his client. See: *The Stardust, Inc. v. Commonwealth, Pennsylvania Liquor Control Board,* 30 Pa.Cmwlth. 569, 571, 374 A.2d 989, 990 (1977). Therefore, it was the client and not the attorney who was liable for the costs thereof.

■ We are in sympathy with the trial judge who, according to his opinion, has repeatedly been required to deal with

an attorney who refuses to pay arbitrators' fees in cases where the award fails to meet with his approval. The solution, however, is not a rule of law allowing the imposition of personal liability on the attorney. Requiring a pre-appointment deposit of sufficient funds to cover anticipated fees and costs would be more in keeping with the intention of the parties and consistent with legal principles. If counsel engages in a course of conduct deemed unethical, moreover, the court may refer the matter to the Disciplinary Board.

The order denying the motion to vacate the award of arbitrators, appealed at No. 1369 Philadelphia, 1984, is affirmed. The order imposing costs upon counsel personally, appealed at No. 1865 Philadelphia, 1984, is reversed and set aside.