539 A.2d 405

**DERRY TOWNSHIP MUNICIPAL AUTHORITY, A
Pennsylvania Municipal Corporation, Appellant,**

v.

**SOLOMON AND DAVIS, INC., A Pennsylvania Corporation,
and The American Arbitration Association, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1987.

Filed March 14, 1988.

214

David C. Pohland, Greensburg, for appellant.

John M. Purcell, Uniontown, for appellees.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

Appellant Derry Township Municipal Authority ("Derry") appeals from an order of the Court of Common Pleas, Westmoreland County, denying the municipal authority's petition to vacate, modify or correct an arbitration award in favor of appellee Solomon and Davis, Inc. ("Solomon").

In May 1980, Derry awarded to Solomon three contracts, numbered 6, 7 and 8, for construction of various portions of a sanitary sewer system. As part of its contract obligation, Solomon was required to repave any areas dug up for the sewer construction. The case before us concerns a dispute that arose only in regard to Contracts # 6 and # 7. Under Contract # 7, repaving work was begun in the summer of 1980 and was completed around July 1981, before any work was begun under Contract # 6. In or around September 1981 a dispute arose concerning certain descriptions for repaving materials contained in all three contracts. *See generally* N.T., Arbitration Hearing, Vol. II, June 8, 1984, at 357–72. Solomon asserted that prior to bidding, it had contacted Derry's project engineer employed by Derry who had indicated that a material costing $2.00 per square yard could be used in the repaving. Solomon had made its bid accordingly. However, during paving restoration, Derry's project engineer allegedly directed Solomon to repave the streets, not with the material Solomon had planned and

budgeted to use at $2.00 per square yard, but with another material at a cost of $18.00 per square yard. Derry paid the rate for the difference in materials under Contract # 7, but before work was begun under Contract # 6, attempted to hold Solomon to its $2.00 per square yard bid and tried to place responsibility for any mistake upon Solomon. Derry also challenged the quality of the paving materials actually used by Solomon. Derry then informed Solomon that there had been an overpayment under Contract # 7 and accordingly charged off a credit against Solomon for the difference. *See* Trial Court Opinion at 3–4.

Pursuant to its written contract with Derry, Solomon submitted its claim for excess payment over the bid price to the American Arbitration Association ("AAA"). The case was heard before a panel of three arbitrators, and, on August 23, 1984, the AAA entered an award in Solomon's favor on Contract # 6 and in Derry's favor on Contract # 7.[1] Both parties filed cross petitions to the Court of Common Pleas, Westmoreland County, to vacate, modify or correct the award. Before addressing the issues raised by the parties, the court had to determine whether it was reviewing a proceeding brought under common law or statutory arbitration, and then decide what standard of review to apply. The court concluded that the parties were proceeding under common law arbitration, that the standard of review was governed by the Arbitration Act of 1980,[2] and that, accordingly, neither party had alleged sufficient reasons to vacate, modify or correct the arbitration award.

Only Derry pursues its claim on appeal to this Court. The appeal raises three issues: (1) whether the court of common pleas concluded correctly that the parties were

1. In its arbitration claim, Solomon asserted damages under Contract # 6 of $78,930.54. The AAA awarded Solomon $43,850.30 for its claim under Contract # 6. Solomon's claim under Contract # 7 totalled $83,265.50. On that claim, the panel found in Derry's favor and awarded Solomon nothing.

2. Act of 1980, October 5, P.L. 693, No. 142, § 501(c), 42 Pa.C.S.A. §§ 7301–7362.

proceeding under the Arbitration Act of 1980 rather than the Arbitration Act of 1927 [3]; (2) whether the court concluded correctly that the parties were proceeding under common law arbitration; and (3) whether the court applied the appropriate standard of review when it denied relief to Derry.[4] We affirm.

■ Whether the parties are proceeding under the 1927 Act or the 1980 Act is of critical importance to Derry's chances of relief on review in the court of common pleas. If the 1927 Act applies and the matter is one of statutory arbitration, Derry will obtain a relatively broad standard of review: the court will modify or correct an award if it is "against the law, and is such that had it been a verdict of the jury the court would have entered [a] different or other

---

**3.** Act of 1927, April 25, P.L. 381, No. 248, 5 P.S. §§ 161–179. The Act of 1927 was repealed by the JARA Continuation Act of 1980, October 5, P.L. 693, No. 142, § 501(c), effective in 60 days.

**4.** Prior to reaching the merits of this appeal, we address the issue of whether this appeal is properly before this Court despite the fact that the Commonwealth Court has exclusive jurisdiction of

appeals from final orders of the courts of common pleas in the following cases: ... [a]ll actions ... where is drawn in question the application, interpretation or enforcement of any: (A) statute regulating the affairs of political subdivisions, municipality and other local authorities....

42 Pa.C.S.A. § 762(a)(4)(i)(A). In this case, our interpretation of a statute, the Uniform Arbitration Act at 42 Pa.C.S.A. §§ 7301–7362, will necessarily affect the parties to this action, and one of the parties is a municipal authority. However, this appeal does not come within the purview of the exclusive jurisdiction of the Commonwealth Court, as outlined in 42 Pa.C.S.A. § 762, because the Uniform Arbitration Act does not "regulate the affairs" of the municipal authority. The "affairs" of a municipality, "for the purposes of a statute conferring jurisdiction on a court of authority and expertise in administrative and governmental areas, *are the business of the subdivision—its general operations.*" *Wheatcroft v. Auritt,* 226 Pa.Super. 118, 123–25, 312 A.2d 441, 445–46 (1973) (footnote omitted) (emphasis added). A statute governing arbitration matters, regardless of whether the parties would be classified as private or public, does not regulate the affairs of a municipality. We note, additionally, that the parties have not objected to our jurisdiction. Therefore, regardless of whether or not jurisdiction would properly lie with the Commonwealth Court, we may decide the appeal. *See Jost v. Phoenixville Area School District,* 267 Pa.Super. 461, 465 n. 1, 406 A.2d 1133, 1135 n. 1 (1979); Pa.R.A.P. 741(a).

judgment notwithstanding the verdict." 5 P.S. § 171(d).[5] Similarly, if the 1980 Act applies *and* the controversy is governed by the rules relating to statutory arbitration *and* the matter falls within the narrowly drawn provision of 42 Pa.C.S.A. § 7302(d)(1),[6] Derry will receive the same relatively broad standard of review it would receive under the 1927 Arbitration Act. *See* 42 Pa.C.S.A. § 7302(d)(2) (the court shall "modify or correct the award where the award is contrary to law and is such that had it been the verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict"). The judgment notwithstanding the verdict standard of review provided in the 1927 Act, at 5 P.S. § 171(d), or in the 1980 Act, at 42 Pa.C.S.A. § 7302(d)(2), empowers the court to correct an arbitration award for a mistake of law. *Gentile v. Weiss*, 328 Pa.Super. 475, 480 n. 3, 477 A.2d 544, 546 n. 3 (1984). On the other hand, if the 1980 Act applies and Derry's controversy is subject to general provisions concerning statutory arbitration (not the special provision of § 7302(d)(2)), Derry will receive a narrow standard of review and is not as likely to obtain relief as it might under either the 1927 Act or pursuant to the narrow provision of the 1980 Act. With statutory arbitration under the 1980 Act, the court shall *vacate* an order if (1) the award would be vacated under the

---

5. The 1927 Arbitration Act provides for other standards of review. *See* 5 P.S. §§ 170(a)–(d), 171(a)–(c). However, given the nature of Derry's allegations in support of its petition to vacate, modify or correct the award, the substance of Derry's allegations will be reached and reviewed by the court only if the judgment notwithstanding the verdict standard of review applies.

6. If the controversy falls under one of the following provisions, a court will correct or modify an award if it is "contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict," 42 Pa.C.S.A. § 7302(d)(2):

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or agree to submit a controversy to arbitration pursuant to this subchapter [relating to statutory arbitration].

42 Pa.C.S.A. § 7302(d)(1).

standard of review for common law arbitration; (2) there was partiality, misconduct, or corruption on the part of the arbitrators that prejudiced the rights of any party; (3) the arbitrators exceeded their powers; (4) the hearing was conducted contrary to the proper procedure in such a way as to prejudice substantially the rights of any party; and (5) there was no agreement to arbitrate and the issue was not determined adversely in proceedings to stay or compel arbitration,[7] and the party seeking vacation raised the issue at the hearing. 42 Pa.C.S.A. § 7314(a). Additionally, the court, proceeding according to the rules for statutory arbitration pursuant to the 1980 Act, shall *modify or correct* an award where "(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is deficient in a matter of form, not affecting the merits of the controversy." 42 Pa.C.S.A. § 7315(a). If the parties' contracts are determined to be governed by the rules pertaining to common law arbitration, whether or not the 1980 Act applies, Derry will obtain relief only in the narrowly circumscribed situation where "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341. *See also Freeman v. Ajax Foundry Products,* 398 Pa. 457, 159 A.2d 708, 712 (1960) (quoting *Reading Tube Corp. v. Steel Workers Federation,* 173 Pa.Super. 274, 279, 98 A.2d 472, 474 (1953) (prior to codification in Title 42 of the Pennsylvania Code, the scope of judicial review in common law arbitration was established by case law and was limited to situations where it could "be shown by clear, precise and indubitable evidence that the parties were not given a hearing, or that there was fraud, misconduct, corruption or some other irregularity on the

---

**7.** *See* 42 Pa.C.S.A. § 7304.

part of the arbitrators which caused them to render an unjust, inequitable, and unconscionable award").

We now turn to the question of which Act applies. The parties executed their contracts in May 1980. At that time, the Arbitration Act of 1927 was still in effect. The work under Contract # 7 began in June 1980 and was completed by July 1981. N.T., Arbitration Hearing, June 8, 1984, at 369. The dispute arose sometime around September 1981, and the matter was submitted to arbitration sometime thereafter. The Arbitration Act of 1927 was repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142, Section 501(c). As of December 5, 1980, the effective date of the Arbitration Act of 1980, statutory, common law and judicial arbitration was governed by 42 Pa.C.S.A. §§ 7301–7362. The 1927 Act was no longer in effect. Whether we use the date the dispute arose or the date the matter was submitted to arbitration, the Act of 1980 was in effect and governs the parties' arbitration. *See Vogel v. National Grange Mutual Insurance Co.*, 332 Pa.Super. 384, 386–87 n. 2, 481 A.2d 668, 669 n. 2 (1984) (law extant at time cause of action arises governs subsequent arbitration). *Cf. Pasternak v. State Farm Mutual Automobile Insurance Co.*, 350 Pa.Super. 448, 504 A.2d 925 (1986) (where cause of action arose prior to the repeal of the 1927 Act, but arbitration occurred after, the provisions of the 1927 Act were applied).

■■■ Having concluded that the parties' proceeding is governed by the 1980 Act, we turn to § 7302(a) of that Act. There the general rule concerning the question of whether arbitration will be governed by statutory or common law rules is set forth:

An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter [governing statutory arbitration] or

any similar statute, in which case the arbitration shall be governed by this subchapter

Subsection (c) of § 7302 provides:

*This subchapter shall apply to any written contract to which a government unit of this Commonwealth is a party to the same extent as if the government unit were a private person,* except that where a contract to which the Commonwealth government is a party provides for arbitration of controversies but does not provide for arbitration pursuant to any specified statutory provision, the arbitration shall be governed by this subchapter [pertaining to statutory arbitration].

Derry is a "government unit," [8] not part of the "Commonwealth government." [9] Section 7302(c) establishes two different presumptions with respect to contracts involving government units on the one hand, and contracts to which the Commonwealth government is a party, on the other. Contracts involving a government unit such as Derry are subject to the same presumptions under the subchapter relating to statutory arbitration as if the government unit were a private person. Therefore, contracts containing arbitration clauses entered into by a government unit are presumed to provide for common law arbitration, *see* 42 Pa.C.S.A. § 7302(a), unless the parties affirmatively reserve their right to statutory arbitration and review as outlined in the Historical Note to 42 Pa.C.S.A. § 7302. (*See* discussion *infra.*) Conversely, contracts involving the Commonwealth government are not subject to a common law arbitration presumption, but rather are governed by the rules pertaining to statutory arbitration even without an affirmative provision in their contracts reserving such a right.

---

**8.** A "government unit" includes "any government agency." 42 Pa.C.S.A. § 102. A "government agency" is "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority...." *Id.*

**9.** The term "Commonwealth government" "does not include any political subdivision, municipal or other local authority...." 42 Pa.C.S.A. § 102.

 To preserve their right to statutory arbitration and a standard of review identical to that for a judgment notwithstanding the verdict (the standard used under the 1927 Act and now contained in the 1980 Act at 42 Pa.C.S.A. § 7302(d)(2)), Derry and Solomon would have had to include in their agreement a provision expressly providing both for statutory arbitration and stating that the agreement "shall be interpreted pursuant to the law of this Commonwealth" *or* provide in their agreement for "arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration." 42 Pa.C.S.A. § 7302, Historical Note. Alternatively, if there is evidence subsequent to the agreement that the parties expressly or implicitly agreed to statutory arbitration, then such rules will apply. *Gentile, supra,* 328 Pa.Super. at 479, 477 A.2d at 546. The parties took none of these affirmative steps to preserve their right to statutory arbitration.[10] Instead, the parties provided that any dispute would be submitted to the American Arbitration Association, and that the "agreement to arbitrate shall be specifically enforceable under the *prevailing arbitration law* " (emphasis added).[11] Because the

10. Derry argues that because both parties asserted in their petitions to vacate, modify or correct the awards that the standard of review was that for a judgment notwithstanding the verdict, the parties have demonstrated an intent to proceed with the standard of review contained in the 1927 Act. We are unpersuaded by Derry's argument. The parties' agreement contains their understanding concerning arbitration. The later action of the parties is ambiguous at best and does not override the original intent of the parties as expressed by them in writing in their contract. It is likely that the parties asserted the same standard of review in their petitions, not because of any meeting of the minds or agreement on their part, but because of either a misinterpretation of the applicable statute or by application of the wrong statute.

11. The parties' arbitration clause provided in full that

[a]ll claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment ..., shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

arbitration provision contained in Derry's contracts with Solomon does not expressly provide for statutory arbitration, the agreement does not overcome the presumption that the controversy will be governed by the rules pertaining to common law arbitration. We agree with the trial court's statement that the parties' arbitration clause

"refers to 'prevailing arbitration law' only with respect to the enforceability of the agreement. The agreement to arbitrate simply provides for disputes to be resolved through arbitration conducted in accordance with the construction industry arbitration rules of the American Arbitration Association.[12] This arbitration clause does not expressly provide for statutory arbitration. Consequently, the Derry/Solomon agreement does not come within the scope of Section 7302.

"Also, the reference to 'prevailing arbitration law' is ambiguous. Prevailing arbitration law may refer to the law 'prevailing at the time the agreement was made' or it may refer to the law 'prevailing at the time of the dispute.' Consequently, this agreement's reference to 'prevailing law' does not overcome Section 7302(a)'s presumption for common law arbitration.

"We recognize that if either party had wanted statutory arbitration at the time the parties entered into their agreement, that party may have believed that there was no need to include an express provision for statutory arbitration in the agreement because under existing law at that time, the parties' arbitration agreement would

Contract Documents for Construction of Sewerage Project for Derry Township Municipal Authority, Contract One to Nine, Section I, General Condition 30.1, p. 1–15.

12. In another case before this Court wherein the private parties agreed in their contract that arbitration was to be held according to the rules of the American Arbitration Association, we stated that "[t]his 'constitutes failure to follow the procedures of the Arbitration Act and [is], therefore, inconsistent with it so as to be sufficient in itself to make the arbitration at common-law.'" *Gentile v. Weiss*, 328 Pa.Super. 475, 479, 477 A.2d 544, 546 (1984) (quoting *Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 461, 383 A.2d 189, 191 (1978)).

have been governed by the Arbitration Act of 1927. However, we do not know that either party wanted statutory arbitration. Moreover, Derry has no vested or reliance interests that the law will protect....

"When it repealed the Arbitration Act of 1927, the Legislature in Section 501(b) of the JARA Continuation Act of 1980, included a savings clause for agreements that expressly provided for arbitration pursuant to the Arbitration Act of 1927. SEE Historical Note to 42 Pa.C.S. § 7302. However, the Legislature did not include a similar savings clause for agreements involving government bodies that did not expressly provide for statutory arbitration...."

Trial Court Opinion at 8-9 (quoting trial court opinion in *Derry Township Municipal Authority v. Solomon and Davis, Inc., et al.*, No. GD 83-15249 (Court of Common Pleas, Allegheny County)).[13]

■ Having concluded that the parties' arbitration clause does not overcome the common law presumption of 42 Pa.C.S.A. § 7302(a), we find that their controversy is governed by common law arbitration. Under common law arbitration, a court will vacate or modify an award only if an appellant shows " 'by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity *of this nature* on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award....' " *Chervenak, Keane v. Hotel Rittenhouse Assoc.*, 328 Pa.Super. 357, 361-62, 477 A.2d 482, 485 (1984) (quoting *Harwitz v. Selas Corp. of America*, 406 Pa. 539, 542, 178 A.2d 617, 619 (1962) (emphasis added). *Accord* 42 Pa.C.S.A. § 7341. The irregularity refers to "the process employed in reaching the result of the arbitration, not the

13. The parties had a dispute concerning Contract # 8, which they pursued through arbitration and appeal to the Court of Common Pleas, Allegheny County. That litigation does not concern us in the instant appeal.

result itself." *Chervenak, supra,* 328 Pa.Super. at 362, 477 A.2d at 485 (citing *Press v. Maryland Casualty Co.,* 227 Pa.Super. 537, 540, 324 A.2d 403, 404 (1974)). In *Chervenak* we also stated that

> "[a]s to questions of law and fact, ... [the arbitrators are] the final judge[s] and the award is not subject to disturbance of mistake either. [A] contrary holding would mean that arbitration proceedings instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally."

*Id.* 328 Pa.Super. at 362, 477 A.2d at 485 (citations omitted).

We now turn to Derry's allegations supporting its petition to vacate, modify or correct the award. Derry claims that the arbitration award is in error because (1) the record is devoid of competent evidence to support the arbitrators' conclusion that there was a mutual mistake between the parties when they executed the contracts; (2) evidence indicates that the work performed by Solomon was not performed according to specification; (3) the weight of the evidence established that the township authority had complied with its contractual duties and liabilities; and (4) evidence presented at the hearing shows that a change order, required by the contract for a higher price, was never approved by Derry. Accordingly, Derry asserts that the arbitrators' award with respect to Contract # 6 is contrary to the law, and had the award been a verdict of the jury, the court would have entered a different verdict or a judgment notwithstanding the verdict.

We find, as did the trial court, that Derry has failed to raise allegations upon which relief may be granted under the standard of review for common law arbitration. Derry has not presented any claim that it was denied a hearing or that there was fraud or misconduct on the part of the arbitrators. We adopt the trial court's reasoning in denying any relief to Derry on appeal:

The issues that Derry presents in its Petition center on the arbitrators' possible reliance on hearsay evidence concerning certain telephone calls and the weight to be placed on certain testimony relating to core sample tests of the repaving work, approval of change orders by Derry, and Derry's compliance with its contract duties and obligations. First of all, the Construction Industry Arbitration rules of the AAA (specifically Rule 31), which governed this proceeding, do not require "conformity to legal rules of evidence" and, therefore, the rules with regard to hearsay are relaxed. SEE also *Reisman v. Ranoel Realty Co.*, 224 Pa.Super. 220, 303 A.2d 511 (1973). Secondly, Derry's assertions concerning evidentiary and factual matters and its contention that the award is "contrary to the law" or such that a court would overturn the same by entering a "judgment notwithstanding the verdict," do not constitute the type of irregularity required for vacating a common law arbitration award. The irregularity required to set aside a common law arbitration award "refers to the process employed in reaching [the] result of the arbitration, not the result itself. *Chervenak, Keane and Company, supra* [477 A.2d], at 485. From the over 1,000 pages of hearing transcript, it is apparent that the arbitrators had ample evidence to consider to reach their ultimate conclusions, whether we would agree or disagree with those conclusions. The arbitrators were the triers of fact and determiners of the law. They decided the weight to be given to the testimony and assessed the credibility of those presenting it. The scope of review permitted this Court does not in this instance allow the Court to disturb their findings.

Trial Court Opinion at 12–13.

Because Derry has made no allegations upon which relief can be granted pursuant to common law arbitration, we affirm the trial court's order which affirmed the the arbitrators' award of August 23, 1984.