J-A34043-14

2015 PA Super 109

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, AND CENTURY INDEMNITY COMPANY | |
| APPEAL OF:  TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY | No. 157 MDA 2014 |

Appeal from the Order entered  December 30, 2013
In the Court of Common Pleas of Lancaster County
Civil Division at No: CI-12-06271

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STABILE, JJ.

OPINION BY STABILE, J.:                                    **FILED MAY 06, 2015**

Appellants/defendants Travelers Indemnity Company and Travelers Casualty and Surety Company appeal from the December 30, 2013 order of the Court of Common Pleas of Lancaster County (trial court), which overruled Appellants' preliminary objections in favor of Appellee/plaintiff Armstrong World Industries, Inc.  Upon careful review, we quash this appeal as interlocutory.

This case was initiated by Appellants' denial of insurance coverage to Appellee for environmental damage allegedly caused by the release of

polychlorinated biphenyls (PCBs) to the site of Appellee's manufacturing facility in Macon, Georgia (Macon Site). In denying coverage, Appellants reasoned that Appellee had released the environmental claim at issue under a settlement agreement executed by the parties on May 20, 1998 (Settlement Agreement).

On June 20, 2012, Appellee filed a complaint against Appellants,[1] alleging breach of contract and bad faith under Section 8371 of the Judicial Code, 42 Pa.C.S.A. § 8371, and seeking declaratory relief. Specifically, with respect to the declaratory relief, Appellee sought a declaration that Appellants are bound by certain insurance policies by which they allegedly agreed to pay or indemnify Appellee for environmental damage related to the Macon Site.[2] **See** Complaint, 6/20/12, ¶ 2, 25. Appellee also sought a declaration that, under the insurance policies, Appellants are obligated to defend or pay Appellee's defense costs in connection with liability related to the Macon Site. **See id.** at ¶ 34.

---

[1] The complaint also listed Century Indemnity Company (Century) as a defendant, but it is not a party to this appeal. Our review of the docket indicates that Century filed separate preliminary objections to the complaint, which the trial court ultimately overruled.

[2] Appellee alleged that the United States Environmental Protection Agency (EPA) identified the Macon Site as an alleged source of release of PCBs and as a result, required Appellee "to investigate and potentially remediate" any environmental damage caused by the release. Complaint, 6/20/12, at ¶¶ 15-17.

On August 8, 2012, Appellants filed preliminary objections to the complaint under Pa.R.C.P. No. 1028(a)(6),[3] alleging that the dispute at the heart of Appellee's action is governed by an alternative dispute resolution (ADR) provision of the Settlement Agreement. In support of this allegation, Appellants argued that under the plain language of the Settlement Agreement, the parties were required to submit the dispute at issue to the ADR process provided for in the Settlement Agreement, which incorporated ADR procedures from the June 19, 1985 "Agreement Concerning Asbestos-Related Claims," referred to by the parties as the "Wellington Agreement." *See* Preliminary Objections, 8/8/12, at ¶ 17. Additionally, Appellants argued that, to the extent there is a dispute over the applicability, interpretation, or performance of the Settlement Agreement, such dispute also must be submitted to the ADR process. *Id.* The ADR provision of the Settlement Agreement provides in relevant part:

> To the extent any disputes arise with respect to the application, interpretation or performance of this Agreement, the Parties agree to resolve such disputes in accordance with the alternative dispute resolution procedures set forth in Appendix C to the Wellington Agreement. For purposes of the previous sentence, "any disputes" include dispute over whether a particular matter

---

[3] Rule 1028(a)(6) provides:

> Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> . . . .
>
> (6) pendency of a prior action or agreement for alternative dispute resolution.

Pa.R.C.P. No. 1028(a)(6).

is subject to alternative dispute resolution pursuant to this [Settlement Agreement].

Settlement Agreement, 5/20/98, at ¶ 11.1. As noted, the ADR provision of the Settlement Agreement incorporated ADR procedures from the Wellington Agreement. Specifically, Appendix C to the Wellington Agreement provides for a range of ADR methods, from negotiation to binding or non-binding arbitration. As explained in the introductory paragraph of Appendix C:

> Alternative Dispute Resolution ("ADR") is the method for resolving disputed issues as provided in the [Wellington] Agreement. ADR involves three basic stages: 1) good-faith negotiation; 2) a proceeding concluding with a binding decision if litigation is not allowed and a non-binding decision if litigation is allowed (the "Proceeding"); and 3) an appellate process for the binding decision.
>
> At the negotiation stage, a person (the "Neutral") will be selected who will be empowered to employ a full range of informal, mediational techniques with Principals[4] present. After the Proceeding there will be a final settlement conference with the Judge and/or the Neutral as a last attempt to reach a Party-fashioned solution. This is to be followed by a binding decision or litigation if litigation is allowed. The binding decision may be appealed to a panel of three Judges.

Appendix C to the Wellington Agreement, 6/19/85.

On August 29, 2012, Appellee filed an "Answer" in response to Appellants' preliminary objections, denying Appellants' allegations and raising "New Matter," in which Appellee averred the instant environmental claim related to the Macon Site was not subject to the Settlement Agreement. In particular, Appellee averred that the Settlement Agreement

---

[4] Appendix C to the Wellington Agreement defines Principal as "[a]n individual with settling authority" for a party to the Wellington Agreement. Appendix C to the Wellington Agreement, 6/19/85, at 28.

released only sites that were designated as "Known Environmental Sites."[5] Answer and New Matter, 8/29/12, at ¶ 20. Appellee further alleged that Attachment C to the Settlement Agreement contained a list of all "Known Environmental Sites and that Appellee "represented and warranted in the Settlement Agreement that the sites listed in Attachment C . . . were the only Known Environmental Sites of which it was aware as of the date of the Settlement Agreement." *Id.* Appellee finally alleged that the Macon Site was not designated as a Known Environmental Site in the Settlement Agreement. *See id.* at ¶ 21.

On December 30, 2013, the trial court issued an opinion and order, overruling Appellants' preliminary objections. The trial court first determined that, based on Appellants' failure to offer any "evidence showing that the Site was a Known Environmental Site as of the Effective Date of the Settlement Agreement," it could not conclude that the Macon Site was released under the Settlement Agreement. Trial Court Opinion, 12/30/13, at

_____

[5] Under the Settlement Agreement, Known Environmental Sites were defined as "any and all sites and locations as to which [Appellee], as of the Effective Date, has been notified in writing by any third party or has been made aware as the result of the receipt by [Appellee] of a written environmental audit (or its functional equivalent in writing) that [Appellee] is or may be liable for an Environmental Claim. . . . A site or location that receives a shipment or transfer of actual or alleged pollutants, wastes, or other contaminants from a Known Environmental Site shall not by reason of such pollutants, wastes, or other contaminants be a "Known Environmental Site." Settlement Agreement, 5/20/98, at ¶ 3.15. Effective Date was defined as "the date on which this [Settlement] Agreement has been executed by all Parties hereto," *i.e.*, May 20, 1998. *Id.* at ¶ 3.13.

4-5. Second, the trial court determined that the ADR provision of the Settlement Agreement did not apply to the environmental claim at issue. In so determining, the trial court found that the Macon Site "was not a Known Environmental Site at the time the Settlement Agreement was entered into by the parties." *Id.* at 5. The trial court, therefore, concluded that the applicability of the ADR provision of the Settlement Agreement could not be decided under the ADR provision of the Settlement Agreement, but had to be made by the trial court. *Id.* at 5-6.

On January 17, 2014, Appellants timely appealed to this Court. At the trial court's direction, Appellants filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, arguing:

> 1. The trial court erred in overruling [Appellants'] [p]reliminary [o]bjection pursuant to [Rule 1028(a)(6)] to compel [Appellee] to submit its claims to alternative dispute resolution under the express and plain language of the alternative dispute resolution clause (the "ADR Clause") in the Agreement of Compromise, Settlement and Release dated May 20, 1998, between [Appellants and Appellee.]
>
> 2. The trial court erred in overruling [Appellants'] [p]reliminary [o]bjection pursuant to [Rule 1028(a)(6)] where the express language of the ADR clause and applicable law provide that any disagreement as to whether a particular dispute is subject to the ADR Clause must be resolved through alternative dispute resolution.

Rule 1925(b) Statement, 2/14/14, at ¶¶ 1-2. On March 26, 2014, the trial court issued a one-page Pa.R.A.P. 1925(a) opinion, whereby it adopted its December 30, 2013 opinion in support of its reasons for overruling Appellants' preliminary objections.

On appeal, Appellants raise the same issues they raised in their Rule 1925(b) statement. Before we may address the merits of Appellants' issues, we first must determine whether we have jurisdiction to entertain this appeal, given the manner by which Appellants have come to this Court. *See **LeFlar v. Gulf Creek Indus. Park No. 2***, 515 A.2d 875, 879 (Pa. 1986) (noting a court may raise the issue of subject matter jurisdiction at any time); *accord **Cont'l Bank v. Andrew Bldg. Co.***, 648 A.2d 551, 553 (Pa. Super. 1994).

In their brief, Appellants claim that this Court has jurisdiction over this appeal by virtue of Pa.R.A.P. 311(a)(8) and Sections 7320(a)(1) and 7342(a) of the Uniform Arbitration Act (Act), 42 Pa.C.S.A. §§ 7320(a)(1), and 7342(a). Appellants' Brief at 1. We disagree.

It is well-settled that "[u]nder Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from any interlocutory order by permission (Pa.R.A.P. 31[2], [Pa.R.A.P.] 1311, 42 Pa.C.S.A. § 702(b))." ***Cont'l Bank***, 648 A.2d at 553. Appellants here argue jurisdiction only on the basis of Rule 311, which enumerates several categories of interlocutory orders that are appealable as of right. Specifically at issue here is Rule 311(a)(8), which provides:

> **(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> . . . .
>
> (8) *Other cases*. An order which is made ***appealable by statute*** or general rule.

Pa.R.A.P. 311(a)(8) (emphasis added). Appellants claim only that, under Rule 311(a)(8), the order *sub judice* is rendered appealable by Sections 7320(a)(1) and 7342(a) of the Act. Section 7320(a)(1) of the Act provides that "[a]n appeal may be taken from . . . [a] court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration)." 42 Pa.C.S.A. § 7320(a)(1). Section 7342(a), relating to common law arbitration, provides, *inter alia*, that Section 7320(a) of the Act, except subsection (a)(4), is applicable also to common law arbitration. **See** 42 Pa.C.S.A. § 7342(a). In support of their claim, Appellants rely on arbitration cases where we have held that appellate review of a trial court's order denying a motion to compel arbitration is permissible under Rule 311(a)(8). **See, e.g., Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.**, 739 A.2d 180, 184 (Pa. Super. 1999) ("While an order denying preliminary objections is generally not appealable, there exists a narrow exception to this oft-stated rule for cases in which the appeal is taken from an order denying a petition to compel arbitration.").

To render an order overruling preliminary objections seeking to compel arbitration appealable under the Act, a party must prove that the dispute is bound by an arbitration agreement, which calls for either statutory or common law arbitration. Unless an arbitration agreement expressly provides for statutory arbitration, the law presumes that the parties intended to submit their disputes to common law arbitration. **See Derry Twp. Mun. Auth. v. Solomon & Davis, Inc.**, 539 A.2d 405, 410 (Pa. Super. 1988)

("Because the arbitration provision contained in Derry's contracts with Solomon does not expressly provide for statutory arbitration, the agreement does not overcome the presumption that the controversy will be governed by the rules pertaining to common law arbitration."). Indeed, Section 7302 of the Act provides:

> ***An agreement to arbitrate*** a controversy on a nonjudicial basis ***shall be conclusively presumed*** to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) ***unless*** the agreement to arbitrate is in writing and ***expressly provides*** for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

42 Pa.C.S.A. 7302 (emphasis added).

With these principles in mind, the instant case is distinguishable from our decision in ***Midomo*** because the Settlement Agreement here contains an ***ADR provision***. As stated earlier, Appellants rely on the ADR provision of the Settlement Agreement to compel Appellee to submit its environmental claim related to the Macon Site to the ADR process in accordance with the ADR procedures outlined in the Wellington Agreement. As Appellee points out, however, "ADR is not synonymous with arbitration." Appellee's Brief at 11. We agree. ADR is defined as "[a] procedure for settling a dispute by means other than litigation, such as arbitration or mediation." BLACK'S LAW DICTIONARY (9th ed. 2009). Thus, "'ADR can be defined as encompassing all legally permitted processes of dispute resolution other than litigation.'" ***Id.*** (citing Stephen J. Ware, *Alternative Dispute Resolution* § 1.5, at 5-6 (2001)).

Here, the Settlement Agreement subjects disputes (including disputes over the applicability of the Settlement Agreement) to the ADR procedures provided for in Appendix C to the Wellington Agreement. Those ADR procedures, however, based on our review of the Wellington Agreement, are not limited to arbitration. On the contrary, as Appellants tacitly acknowledge, the ADR procedures in the Wellington Agreement range from negotiation to binding arbitration. *See* Appellants' Brief at 5-6 ("The Settlement Agreement contains the ADR Clause, a dispute resolution provision that requires [Appellee] and [Appellants] to resolve any dispute relating to the Settlement Agreement, including any disagreement over whether a particular dispute is subject to the ADR clause, through ***certain [ADR] procedures***.") (emphasis added). Appellants also do not provide any legal authority—nor does our research yield any—for the proposition that ADR provisions, like the one at issue here, are treated the same way as provisions requiring only statutory or common law arbitration. We, therefore, conclude that, under Sections 7320(a)(1) and 7342(a), Appellants are not entitled to seek appellate review of the trial court's interlocutory order overruling their preliminary objections, because the ADR provision here is not arbitration—even though it may contemplate arbitration at some juncture.

Because Appellants fail to establish the ADR provision at issue here constitutes an arbitration provision within the meaning of Sections 7320(a)(1) and 7342(a), we conclude they may not invoke Rule 308(a)(8)

to implicate the jurisdiction of this Court. Accordingly, we quash this appeal as interlocutory.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015