J-A26022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KELLY MAZZA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AGIM NOVRUZAJ AND ALIME NOVRUZAJ | |
| Appellants | No. 600 EDA 2021 |

Appeal from the Order Entered March 8, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 201000136

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 7, 2022**

Appellants, Agim Novruzaj and Alime Novruzaj, appeal from the March 8, 2021 order overruling their preliminary objections to the complaint of Appellee, Kelly Mazza.  We quash.

On July 28, 2019, the parties executed an agreement of sale ("Agreement") pursuant to which Appellants were to build a home for Appellee in exchange for $830,000.00.  Appellee alleges that a December 11, 2019 inspection revealed significant defects, that Appellants agreed to repair those defects but failed to do so, and that the cost to Appellee to repair the defects will be $357,550.36.  On September 29, 2020, Appellee filed a complaint alleging breach of warranty, breach of contract, unjust enrichment, fraudulent inducement, and violations of the Unfair Trade Practices and Consumer

Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.* On November 23, 2020, Appellants filed preliminary objections asserting, among other things, that a clause in the Agreement required non-binding mediation prior to the commencement of litigation. ***See*** Pa.R.C.P. No. 1028(a)(6) ("Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: […] (6) pendency of a prior action or agreement for alternative dispute resolution."). On March 8, 2021, the trial court entered the order on appeal, in which it overruled Appellants' preliminary objections. Appellants filed this appeal on March 17, 2021. They argue the trial court erred in overruling their preliminary objection based on the parties' agreement for alternative dispute resolution.

Before we address the merits, we must consider whether we have jurisdiction over this appeal. Appellants claim jurisdiction is proper under Pa.R.A.P. 311(a)(8), which provides for an appeal as of right from an order "made final or appealable by statute or general rule," and 42 Pa.C.S.A. § 7321.29(a)(1) of the Statutory Arbitration Act, which permits an appeal from an order denying a motion to compel arbitration.

In ***Armstrong World Indus., Inc. v. Travelers Indem. Co.***, 115 A.3d 342 (Pa. Super .2015), ***appeal denied***, 128 A.3d 218 (Pa. 2015), this Court considered a similar issue under § 7320(a)(1) of the Uniform Arbitration Act. There, the plaintiff filed an action for breach of contract, bad faith, and declaratory relief against its insurer. The insurer filed preliminary objections

under Rule 1028(a)(6) based on a contractual Alternative Dispute Resolution ("ADR") provision providing for negotiations and/or non-binding arbitration. *Id.* at 343-44. The trial court overruled the preliminary objections and the insurer appealed. The insurer asserted the order was appealable under Pa.R.A.P. 311(a)(8) and the Uniform Arbitration Act ("UAA"), 42 Pa.C.S.A. § 7320(a)(1).[1] Rule 311(a)(8) permits an appeal as of right to an order "made appealable by statute." Pa.R.A.P. 311(a)(8).[2] Section 7320(a)(1) of the UAA provides that an order denying an application to compel arbitration is immediately appealable. 42 Pa.C.S.A. § 7320(a)(1).

"To render an order overruling preliminary objections seeking to compel arbitration appealable under the Act, a party must prove that the dispute is bound by an arbitration agreement, which calls for either statutory or common law arbitration." *Armstrong*, 115 A.3d at 346. Because the ADR clause at issue in *Armstrong* provided a wide range of ADR procedures, from negotiation to mediation, to binding arbitration, this Court concluded that the ADR provision was not an agreement to arbitrate within the meaning of § 7302 of the UAA. *Id.* at 346. The insurer therefore had no basis upon which to

---

[1] Because the ADR provision presently at issue does not mention arbitration, we do not address the Uniform Arbitration Act.

[2] "It is well-settled that "[u]nder Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from any interlocutory order by permission (Pa.R.A.P. 31[2], [Pa.R.A.P.] 1311, 42 Pa.C.S.A. § 702(b))." *Armstrong*, 115 A.3d at 345.

- 3 -

seek interlocutory review of the trial court's order under Rule 311(a)(8) and the UAA. *Id.* at 347.

Appellants acknowledge **Armstrong** but argues that it was tacitly overruled in **Taylor v. Extendicare Health Facilities**, 147 A.3d 490 (Pa. 2016). We conclude **Taylor** is inapposite here. In **Taylor**, the plaintiff brought wrongful death and survival actions against the defendant nursing home. The survival claim was subject to an agreement to arbitrate between the plaintiff and the defendant nursing home, but the wrongful death action was not. The nursing home moved to bifurcate the actions, but the trial court refused because Rule 213(e) of the Pennsylvania Rules of Civil Procedure requires that wrongful death and survival actions be consolidated for trial. A divided Court held that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 preempts Rule 213 and that the actions should be bifurcated and the agreement to arbitrate enforced. *Id.* at 492-94.

Pertinent here is that the **Taylor** Court, citing § 7320(a)(1), entertained an appeal from an interlocutory order overruling preliminary objections. *Id.* at 496 n.3. **Taylor** is easily distinguishable, however, in that the agreement to arbitrate before the **Taylor** Court was just that—the parties' contract **required** mediation and then arbitration where the mediation failed. Those were to be the exclusive means of resolving any dispute. *Id.* at 494. We do not believe **Taylor** impliedly overruled **Armstrong**, because the ADR provision in **Armstrong** listed a variety of forms of ADR without expressly

- 4 -

requiring any one of them. Critical to the result in **Armstrong** was the defendant's failure to establish that the parties formed an agreement to arbitrate. In **Taylor**, on the other hand, there was no dispute on that point.

Instantly, the parties' agreement requires mediation and nothing more. It never mentions arbitration:

> Buyer and Seller will submit all disputes or claims that arise from this Agreement, including disputes and claims over deposit monies, to mediation. Mediation will be conducted in accordance with the Rules and Procedures of the Home Sellers/Home Buyers Dispute Resolution System, unless it is not available, in which case Buyer and Seller will mediate according to the terms of the mediation system offered or endorsed by the local Association of Realtors®. Mediation fees, contained in the mediator's fee schedule, will be divided equally among the parties and will be paid before the mediation conference. **This mediation process must be concluded before any party to the dispute may initiate legal proceedings in any courtroom, with the exception of filing a summons if it is necessary to stop any statute of limitations from expiring.** Any agreement reached through mediation and signed by the parties will be binding (see Notice Regarding Mediation). Any agreement to mediate disputes or claims arising from this Agreement will survive settlement.

Agreement, 7/28/19, at ¶ 24.[3] Appellants relied on the bolded portion in support of their preliminary objection. In essence, Appellants argues that Pennsylvania law permits an immediate appeal from any order denying a motion to compel an application to compel any form of ADR. Nothing in the law supports this argument. There are many forms of ADR. Mediation, which commonly involves assisted settlement negotiations, is distinct from

---

[3] The Agreement appears in the certified record at Exhibit "A" to Appellee's complaint.

arbitration, in which parties usually submit their case to a neutral arbitrator with an agreement to be bound by the arbitrator's decision.[4]

Because the parties' contract contains no agreement to arbitrate, the UAA does not apply here. No Pennsylvania statute permits an immediate appeal of an order denying an application to compel mediation. Thus, under the reasoning of **Armstrong**, we find no basis for exercising jurisdiction over an interlocutory appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2022

---

[4] **See**, **e.g.**, **Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.**, 534 F.3d 1235, 1240 (11th Cir. 2008) ("Simply stated, mediation does not resolve a dispute, it merely helps the parties do so. In contrast, the FAA assumes that the arbitration process itself will produce a resolution independent of the parties' acquiescence—an award which declares the parties' rights and which may be confirmed with the force of a judgment.").